WESLEY LEE, Plaintiff-Appellant, v. HYSTER COMPANY, Defendant-Appellee.

First District (3rd Division) No. 85—1529

Opinion filed May 27, 1987.

Asher, Pavalon, Gittler & Greenfield, Ltd., of Chicago (Eugene I. Pavalon and Gary K. Laatsch, of counsel), for appellant.

Phelan, Pope & John, Ltd., of Chicago (John M. Christian and Mark W. Rattan, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Wesley Lee, appeals from an order of the trial court which required him to produce his out-of-State expert witness, John B. Sevart, for a discovery deposition to be conducted by defendant, Hyster Company, in Chicago, Illinois, with all of Sevart's fees to be paid by plaintiff. We affirm in part, reverse in part, and remand.

Plaintiff initiated this action by filing a complaint against defendant in the circuit court of Cook County. In his complaint, plaintiff alleges that he was injured when a forklift truck manufactured by defendant rolled over while plaintiff was operating it. Plaintiff is asserting a product liability claim against defendant.

During pretrial discovery, defendant served plaintiff with a notice for the deposition of "any and all experts [of plaintiff] who will testify as to the issue of liability in this case." The notice specified that the discovery depositions of any of plaintiff's expert witnesses would proceed in Chicago, Illinois. Plaintiff thereafter identified John B. Sevart, a mechanical engineer, as his expert witness on the

issue of liability. Sevart both resides and is employed in Wichita, Kansas. No subpoena for the deposition of Sevart was issued by the clerk of the circuit court or served on Sevart by defendant.

As a result of a disagreement concerning the location of Sevart's discovery deposition, Wichita or Chicago, plaintiff filed a motion requesting the trial court to determine whether or not a party is required to present his out-of-State expert witness in the county where the action is pending for deposition testimony, and if so, who is to pay the fees incurred in such production. Pursuant to plaintiff's motion, the trial court ruled that the deposition of plaintiff's out-of-State expert witness, Sevart, should proceed in Chicago, with all of Sevart's expenses to be paid by plaintiff. However, the trial court wisely felt that there should be an appellate review of the matter, and certified the following question:

> "Whether a trial court may require a party to present an out-of-state expert witness for a deposition in the county where the action is pending and require the party to pay all the fees incurred in the tendering of the witness for the deposition."

We granted plaintiff's application for an interlocutory appeal to review the certified question, pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308).

Plaintiff initially argues that the Illinois Supreme Court rules regarding discovery fail to provide a trial court with either the express or the discretionary authority to order a party to produce an out-of-State expert witness in the county where the action is pending for the purpose of a deposition. Defendant, however, contends that the Illinois Supreme Court rules governing discovery do not preclude a trial court from ordering a party to produce his out-of-State expert witness in the county in which the action is pending for deposition purposes because no rule specifically delineates the location in which the deposition of an expert witness may occur. Defendant further argues that a plaintiff's expert witness is under the plaintiff's control and, therefore, a trial court may properly order a plaintiff to produce his expert witness in the State where the action is pending for deposition purposes.

Essentially, the issue to be decided here is twofold. We must first determine where the discovery deposition of an out-of-State expert witness may occur. We must then decide which party is required to provide for the payment of the fees incurred in the taking of such a deposition.

■■ We initially address the question of where the deposition of an out-of-State expert witness may occur. The starting point for an

analysis of this issue must necessarily be the applicable supreme court rules. 107 Ill. 2d R. 201 *et seq.*

Clearly, before a court can compel an individual to appear for discovery purposes pursuant to another party's request, the court must be able to assert jurisdiction over the individual. In the case of a nonparty, such as an expert witness, Rule 204 gives the court the authority to compel discovery from such an individual through the issuance of a subpoena. (107 Ill. 2d R. 204.) Rule 204 provides in relevant part:

"Compelling Appearance of Deponent

(a) Action Pending in This State.

(1) *Subpoenas.* \* \* \* [T]he clerk of the court shall issue subpoenas on request. The subpoena may command the person to whom it is directed to produce documents or tangible things which constitute or contain evidence relating to any of the matters within the scope of the examination permitted under these rules.

\* \* \*

(3) *Notice to Parties, et al.* Service of notice of the taking of the deposition of a party or person who is currently an officer, director, or employee of a party is sufficient to require the appearance of the deponent and the production of any documents or tangible things listed in the notice." 107 Ill. 2d R. 204.

The question then becomes where the deposition of a witness may take place geographically. The supreme court, in an amendment to Supreme Court Rule 203, has resolved this issue by providing for the locations where depositions, including those of expert witnesses, may occur. Although the amendment to Rule 203 will not become effective until August 1, 1987, we believe that it should be the focus of our analysis here because it impacts directly on the problem before us. Rule 203, as amended, provides:

"Where Depositions May be Taken

Unless otherwise agreed, depositions shall be taken in the county in which the deponent resides or is employed or transacts his business in person, or, in the case of a plaintiff-deponent, in the county in which the action is pending. However, the court, in its discretion, may order a party or a person who is currently an officer, director, or employee of a party to appear at a designated place in this State or elsewhere for the purpose of having his deposition taken." 107 Ill. 2d R. 203 (as amended June 26, 1987, effective August 1, 1987).

An examination of the plain language of the rule reveals that a court has the discretionary authority to compel a plaintiff or a person who is currently an officer, director or employee of a plaintiff or a nonresident for whose benefit the action is brought to appear in Illinois for depositional purposes. As written, Rule 203 does not vest the trial court with the authority to order Sevart, an out-of-State expert witness, to appear in Chicago, Illinois, for a deposition. To the contrary, Rule 203 expressly provides that unless otherwise agreed by the party and its witness, or subject to the aforementioned exceptions, the deposition of a deponent shall take place in the county in which the deponent resides, is employed, or transacts his business in person.

We believe that plaintiff is plainly correct in his assertion that Rule 203 is jurisdictional in nature, establishes the territorial limitations in which the deposition of a nonparty deponent may occur and does not allow for the order entered by the trial court in this case. We, therefore, find no merit in defendant's argument that because Rule 203 fails to specifically indicate where the deposition of an *expert* witness may take place, a trial court may order the deposition of an expert witness to occur in the county where the action is pending even if other than where the deponent resides, is employed or transacts business in person. Rather, we believe that in the absence of a separate provision or rule relating to expert witnesses, Rule 203 was intended to govern the place of taking all depositions, regardless of whether the person being deposed is an expert.

■ Defendant also contends that because Sevart is plaintiff's expert witness, he is under plaintiff's control, and the trial court can therefore require plaintiff to produce Sevart for a deposition in Chicago, Illinois. We likewise find no merit in this aspect of defendant's argument. Clearly, a witness may always voluntarily consent to having his deposition taken at any location. However, a refusal by the witness to appear for a deposition does not, by virtue of the employment relationship between the party and the witness, provide the party with the authority to require the witness to so appear. Only a court has the authority to compel a witness to comply with a discovery request. Yet, the power of a court in such an instance is not absolute but rather conditional in nature and succinctly established by Rules 203 and 204. Therefore, if defendant wishes to depose Sevart, Rule 203 in conjunction with Rule 204 permits defendant to take Sevart's deposition by subpoena only in the county where he resides, is employed, or transacts his business in person. Accordingly, the trial court erred in ordering plaintiff to produce his

out-of-State expert witness for a discovery deposition by defendant in Chicago.

■ We next address the second issue raised by the question certified, namely, which party must incur the fees involved in the taking of another party's expert witness' deposition. In determining that plaintiff is responsible for the payment of all the fees which would be incurred in defendant's deposition of plaintiff's expert witness, Sevart, the trial court relied on Supreme Court Rule 220(c)(6), which provides:

"Expert Witnesses

\* \* \*

(c) Discovery.

\* \* \*

    (6) Unless manifest injustice would result, each party shall bear the expense of all fees charged by his expert witness or witnesses." (107 Ill. 2d R. 220.)

Defendant argues that the trial court correctly interpreted the language of Rule 220(c)(6) to require plaintiff to pay all the fees incurred when defendant deposes Sevart. Plaintiff disagrees.

Initially, it must be recognized that there are two distinct categories of fees, statutory and nonstatutory. Statutory fees are provided by supreme court rule and the Illinois Code of Civil Procedure. Nonstatutory fees, however, exist as a result of the everyday practice of law as it has developed over time. Such fees are the result of agreements between a party and his expert witness. At issue here is a determination of what constitutes the statutory and nonstatutory fees when an expert witness is deposed and who is the party responsible for the payment of such fees.

With respect to statutory fees, section 47 of "An Act concerning fees and salaries \* \* \*" (Ill. Rev. Stat. 1985, ch. 53, par. 65) (Fees and Salaries Act), delineates the expenses a deponent is entitled to be compensated for and provides:

"FEES OF WITNESSES

    65. Per diem and mileage

    Sec. 47. Every witness attending in any county upon trials in the courts shall be entitled to receive the sum of $20.00 for each day's attendance and 20 cents per mile each way for necessary travel. For attending in a foreign county, each day's travel shall constitute a day of attendance. Every person attending for the purpose of having his deposition taken shall receive the same per diem and mileage as provided in this section for witnesses in circuit courts \* \* \*." (Ill. Rev. Stat.

1985, ch. 53, par. 65.)

The plain language of this statutory provision indicates that a deponent is entitled to receive fees in the amount of $20 for each day of travel to a foreign county and $20 per day of attendance. In addition, a deponent is also to be provided with 20 cents per mile for each way of travel as mileage reimbursement. The rule does not differentiate between an expert and nonexpert witness, nor does it exclude an expert witness from its scope. Rather, expert witnesses, like other witnesses, are entitled to $20 per day and 20 cents per mile of necessary travel. *Falkenthal v. Public Building Com.* (1982), 111 Ill. App. 3d 703, 711, 444 N.E.2d 498, 504.

■ The issue as to which party must pay the statutory fees incurred when a witness is deposed is governed by Supreme Court Rule 208, which provides:

"Fees and Charges; Copies

(a) Who Shall Pay. The party at whose instance the deposition is taken shall pay the fees of the witness and of the officer and the charges of the recorder or stenographer for attending." (107 Ill. 2d R. 208.)

It is clear that pursuant to the language of Rule 208, the party at whose instance a deposition is taken shall be responsible for the statutory fees of the witness deposed. Therefore, in the present case, defendant is required to compensate Sevart for any mileage and *per diem* fees Sevart may incur as a result of his being deposed by defendant.

■ We next address the issue of which party must incur the fees an expert witness requests to appear and testify at a deposition. Such fees are nonstatutory in nature, as they are not required to be paid pursuant to either a supreme court rule or a provision of the Illinois Code of Civil Procedure. These nonstatutory fees constitute part of the compensation which a party to a lawsuit agrees to pay an expert witness who is hired to assist the party in the litigation process. Such compensation is in addition to that provided for by statute and supreme court rule. Agreements of this nature are a common necessity of the litigation process, since the testimony of an expert witness especially retained for purposes of litigation is the normal method by which an injured party establishes liability in many cases. In some cases, liability can be established only through the utilization of such testimony.

Here, defendant sought to depose plaintiff's expert witness, Sevart, and the trial court required plaintiff to bear all the fees incurred in such a deposition, based upon Supreme Court Rule

220(c)(6). This rule provides:

> "Unless manifest injustice would result, each party shall bear the expense of all fees charged by his expert witness or witnesses." (107 Ill. 2d R. 220(c)(6).)

Having previously indicated that defendant is responsible for Sevart's mileage and *per diem* fees pursuant to Supreme Court Rule 208, we believe that the term "fees" as used in Rule 220(c)(6) applies to the nonstatutory fees that a party agrees to pay his expert witness for litigation assistance. The committee comments to Rule 220(c)(6) indicate that section (c)(6) was drafted to require each party to pay for the fees charged by his expert witness because the majority of cases involving expert witnesses are such that both parties will require such assistance. The committee comments provide that in an exceptional case, such fees can be imposed upon the opposing party to avoid "manifest injustice." (107 Ill. 2d R. 220, Committee Comments, at 356.) Moreover, we believe that in order for Rule 220(c)(6) to be consistent with section 47 of the Fees and Salaries Act and Rule 208, the term "fees" as used in Rule 220(c)(6) must be read as relating solely to nonstatutory fees which are the result of private agreements between a party and his expert witness. Therefore, pursuant to our interpretation of Rule 220(c)(6), plaintiff is responsible for payment of the nonstatutory fee Sevart may request as compensation for his appearance and testimony at a discovery deposition conducted by defendant. We affirm the order of the trial court to the extent that the court required plaintiff to pay Sevart's nonstatutory fees.

Accordingly, the order of the trial court from which the certified questions in this appeal arose is affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

WHITE and FREEMAN,* JJ., concur.

---

*Justice McGillicuddy heard oral arguments in the above case prior to her retirement. Since that time, Justice Freeman was designated the third member of the panel; he has read the briefs and listened to the tapes.