GENCIE M. PERKINS, Plaintiff-Appellee, v. FREDERICK T. HARRIS, Defendant-Appellant.

Fifth District    No. 5—98—0767

Opinion filed November 18, 1999.

Jeffrey M. Skoglund, of Greensfelder, Hemker & Gale, of Belleville, for appellant.

Richard M. Roessler, of Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville, for appellee.

JUSTICE HOPKINS delivered the opinion of the court:

Defendant, Frederick T. Harris, appeals the trial court's order granting plaintiff's posttrial motion to tax costs. Plaintiff, Gencie M. Perkins, brought the underlying negligence action to recover for injuries plaintiff sustained in an automobile accident. The jury returned a verdict in favor of plaintiff, and the trial court entered judgment on the verdict. Plaintiff filed a posttrial motion to tax costs, including plaintiff's witness fee and the costs of videotaping and editing the deposition of plaintiff's treating physician. Over defendant's objection, the trial court granted plaintiff's posttrial motion.

In the instant appeal, defendant requests that we reverse the trial court's order granting plaintiff the cost of the witness fee and the cost of videotaping and editing the evidence deposition. We affirm.

## I. FACTS

On July 11, 1997, plaintiff filed her complaint against defendant to recover for injuries plaintiff sustained in an automobile accident that occurred on January 29, 1996. At trial on September 24, 1998, plaintiff's treating physician, Jean-Claude Jacob, testified pursuant to a videotaped evidence deposition. The other witnesses at trial included

plaintiff and defendant. The jury returned a verdict for plaintiff in the sum of $2,766.69. The trial court entered judgment on the verdict.

On September 28, 1998, plaintiff filed a posttrial motion to tax costs. Plaintiff requested that the court tax costs to defendant. These costs included $470 to Mudge Legal Video for videotaping and editing Dr. Jacob's evidence deposition, $190.45 to Kennedy M. Russell for transcribing Dr. Jacob's evidence deposition, and $375 to Dr. Jacob for testifying at the evidence deposition. The request, including other, undisputed costs, totaled $1,449.45. On September 30, 1998, defendant filed an objection to the portions of plaintiff's motion concerning the professional fee of Dr. Jacob for testifying at the evidence deposition and the charges of Mudge Legal Video for videotaping and editing the evidence deposition. After a hearing on October 27, 1998, the trial court granted plaintiff's motion to tax costs in the amount of $1,449.45, which included the amounts contested by defendant. Defendant filed his timely appeal.

## II. DISCUSSION

Defendant asserts that the trial court erred in awarding the costs of Dr. Jacob's witness fee and of fees associated with videotaping and editing Dr. Jacob's evidence deposition because such costs are not provided for by statute. Plaintiff counters that the trial court did not abuse its discretion in awarding the costs associated with the evidence deposition because the award falls within statutory authority. We agree.

■ "At common law, a successful litigant was not entitled to recover from his opponent the costs and expenses of the litigation." *Galowich v. Beech Aircraft Corp.*, 92 Ill. 2d 157, 162 (1982). "The allowance and recovery of costs is therefore entirely dependent on statutory authorization." *Galowich*, 92 Ill. 2d at 162.

The legislature has provided as follows:

"If any person sues in any court of this state in any action for damages personal to the plaintiff, and recovers in such action, then judgment shall be entered in favor of the plaintiff to recover costs against the defendant ***." 735 ILCS 5/5—108 (West 1996).

"While the power to impose costs must ultimately be found in some statute, the legislature may grant the power in general terms to the courts, which in turn may make rules or orders under which costs may be taxed and imposed." *Galowich*, 92 Ill. 2d at 162. Specifically, under section 1—105 of the Code of Civil Procedure, the legislature has established as follows:

"The Supreme Court may provide by rule for the orderly and expeditious administration and enforcement of this Act and of the rules, including *** the assessment of costs ***." 735 ILCS 5/1—105 (West 1996).

■ The supreme court has provided for the assessment of costs to the prevailing party by stating the following in Supreme Court Rule 208:

"(a) Who Shall Pay. The party at whose instance the deposition is taken shall pay the fees of the witness and of the officer and the charges of the recorder or stenographer for attending. The party at whose request a deposition is transcribed and filed shall pay the charges for transcription and filing. The party at whose request a tape-recorded deposition is filed without having been transcribed shall pay the charges for filing, and if such deposition is subsequently transcribed the party requesting it shall pay the charges for such transcription.

\* \* \*

(d) Taxing as Costs. The aforesaid fees and charges may in the discretion of the trial court be taxed as costs." 134 Ill. 2d Rs. 208(a), (d).

Additionally, the legislature provided:

"This Act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties. The rule that statutes in derogation of the common law must be strictly construed does not apply to this Act or to the rules made in relation thereto." 735 ILCS 5/1—106 (West 1996).

■ Because neither the costs statute (735 ILCS 5/5—108 (West 1996)) nor the supreme court rules provide a specific definition of costs (see *Galowich*, 92 Ill. 2d at 165), "[t]he proper definition of 'costs' has been left for the courts to determine." *Boyle v. Manley*, 263 Ill. App. 3d 200, 206 (1994). Thus, the awarding of costs and fees "is discretionary with the trial court and will not be disturbed on review absent a clear abuse of discretion." *Perlman v. Time, Inc.*, 133 Ill. App. 3d 348, 355 (1985); *Gleason v. Carter*, 212 Ill. App. 3d 206 (1991).

### Videotape and Transcription Fee

■ The supreme court in *Galowich* held that Rule 208(d) authorizes "the trial court to tax as costs, in its discretion, the expenses only of those depositions necessarily used at trial." *Galowich*, 92 Ill. 2d at 166. Noting that "neither the Illinois costs statute nor the supreme court rules provide a specific definition of costs," the Illinois Supreme Court defined costs as "allowances in the nature of incidental damages awarded by law to reimburse the prevailing party, to some extent at least, for the expenses necessarily incurred in the assertion of his rights in court." *Galowich*, 92 Ill. 2d at 165-66. The court in *Galowich* reasoned that to assess as costs the defendant's discovery deposition expenses against a plaintiff who voluntarily dismisses his case before

trial presents serious practical problems requiring the trial court to try the case hypothetically in an attempt to determine which depositions would necessarily be used. *Galowich*, 92 Ill. 2d at 167; see also *Premier Electrical Construction Co. v. Morse/Diesel, Inc.*, 257 Ill. App. 3d 445, 462 (1993) (where the court held that depositions listed in a motion for summary judgment were not necessary for use at trial because there was no trial). The supreme court in *Galowich* also explained that it is undesirable to encourage increased deposition-taking, and consequent increases in the delay and expense of litigation, with the prospect that the expense may eventually be recouped in an award of costs. *Galowich*, 92 Ill. 2d at 167; see *Galowich v. Beech Aircraft Corp.*, 209 Ill. App. 3d 128 (1991) (*Galowich II*) (where the appellate court held that, although the defendant used the depositions during trial for impeachment purposes, the trial court still needed to make an independent determination that the deposition was necessary).

Defendant asserts in the case *sub judice* that even if the evidence deposition of Dr. Jacob is deemed necessarily used for trial, the only necessary means of recording that deposition was the typed transcription that plaintiff obtained through Kennedy Russell Reporting Service, not the videotape of Dr. Jacob's deposition obtained through Mudge Legal Video. Defendant asserts that the legislature did not provide for videotaping concurrently with transcription and, therefore, the use of the videotape and transcription cannot both be taxed as necessarily used at trial. Plaintiff counters that the trial court properly taxed as costs the charges associated with transcribing and recording the deposition pursuant to Supreme Court Rule 208.

█ We find the trial court did not abuse its discretion in taxing the costs of videotaping, editing, and transcribing the evidence deposition because the deposition itself was necessarily used at trial. First, *Galowich* held that the costs of the discovery deposition may be taxed in the discretion of the trial court when the discovery deposition is necessarily used at trial. In the present case, Dr. Jacob was the primary treating physician of plaintiff with respect to the auto accident, and Dr. Jacob could not testify live at trial due to his demanding surgery schedule. Dr. Jacob's deposition was an evidence deposition necessarily used at trial: it was played for the jury in lieu of Dr. Jacob's live testimony.

Our holding is consistent with the policy considerations in *Galowich*. Taxing the costs of Dr. Jacob's evidence deposition does not encourage increased deposition-taking because evidence depositions substitute for testimony at trial and do not result in consequent increases in the delay and expense of litigation as referred to in

*Galowich.* See *Galowich,* 92 Ill. 2d at 167. Additionally, taxing the costs of Dr. Jacob's evidence deposition does not encourage taking unnecessary discovery depositions, as this was an evidence deposition and it was necessarily used at trial in substitution of Dr. Jacob's live testimony. See *Galowich,* 92 Ill. 2d at 167. Furthermore, we need not try the present case hypothetically because the case went to trial and the evidence deposition video was played to the jury. The trial court did not err when it independently determined that the evidence deposition, which was transcribed and recorded on video, was necessarily used at trial.

We further reject defendant's assertion that the trial court erred in awarding costs for concurrent transcription and videotaping of the deposition even though both means were not used at trial. Videotaping a deposition and concurrently transcribing the deposition is common practice because the transcription protects the audio-visual recording of the deposition in case of technical failure. In Supreme Court Rule 208, the Illinois Supreme Court provided for the costs of audio-visual taping of a deposition and for transcribing a deposition and specifically stated that a trial court has discretion in taxing such costs. 134 Ill. 2d R. 208. The Committee Comments to Supreme Court Rule 208 concern "the charges for the recorder when the deposition is recorded by sound or audio-visual means, [and] when such a deposition is filed without being transcribed[,] *** the charges for filing, and *** if [the deposition is] subsequently transcribed, *** the charges for such transcription." 134 Ill. 2d R. 208, Committee Comments at 157. Whether the transcription occurs concurrently or subsequently is of no consequence to the trial court in its determination in taxing costs because Supreme Court Rule 208 provides for fees associated with videotaping and transcription and, as a result, provides for the trial court to tax both to defendant.

The trial court did not abuse its discretion in awarding costs to plaintiff for the fees associated with transcribing, videotaping, and editing Dr. Jacob's evidence deposition because the deposition was necessarily used at trial and because costs concerning concurrent video-recording and transcribing of the deposition are allowed to be taxed to the prevailing party under Supreme Court Rule 208(d).

### Dr. Jacob's Witness Fee

Defendant next asserts that no Illinois statutory authority or case law allows the trial court to tax as costs the charges for Dr. Jacob's time appearing at the evidence deposition. Defendant contends that Dr. Jacob's fee is a nonstatutory expert fee, a fee resulting from a private agreement, and a party must pay for nonstatutory fees charged

by his own expert. Plaintiff counters that Illinois Supreme Court Rule 208 provides the circuit court with the authority to tax costs associated with a treating physician's time in testifying at an evidence deposition because Dr. Jacob's testimony, as a treating physician, was necessary at trial to provide medical evidence that plaintiff suffered injury as a result of the accident and because the supreme court rules have recognized that a physician's time should be compensated.

Defendant cites *Falkenthal v. Public Building Comm'n* to assert that the trial court does not have discretion to tax certain costs, namely, the cost of a physician to testify at a deposition. *Falkenthal v. Public Building Comm'n*, 111 Ill. App. 3d 703 (1982). The court in *Falkenthal* scrutinized specific items that the plaintiff was awarded by the trial court, including fees for the time of the plaintiff's expert witnesses who testified at trial, and the court noted that "in the absence of statutory authority experts' fees are not taxable as costs." *Falkenthal*, 111 Ill. App. 3d at 711. In *Falkenthal*, the court stated that the sole statutory authority cited by the plaintiff in support of the costs she requested and received was section 7 of the costs statute (Ill. Rev. Stat. 1979, ch. 33, par. 7 (now see 735 ILCS 5/5—108 (West 1996)), which authorized the award of costs to a successful litigant in general terms. *Falkenthal*, 111 Ill. App. 3d at 710.

In *Falkenthal*, the trial court seemed further unwilling to tax the defendant with the cost of discovery depositions, which were vaguely described. *Falkenthal*, 111 Ill. App. 3d at 711. The court stated, "Other costs awarded to plaintiff apparently related to deposition expenses," but "[p]laintiff's only representation to the trial court concerning this was that the depositions at issue were discovery depositions." *Falkenthal*, 111 Ill. App. 3d at 711. Because the appellate court could only speculate as to what portion of the costs awarded was proper, the court vacated the award of costs and remanded the cause to the trial court for further proceedings to determine what costs were properly documented and supported by statute or court rule. *Falkenthal*, 111 Ill. App. 3d at 711.

■ We reject defendant's contention that *Falkenthal* precludes the award of costs in the case *sub judice*, because *Falkenthal* is inapplicable to the present case. The plaintiff's witnesses in *Falkenthal* included expert witnesses—an expert architect and a consulting physician retained for the purpose of rendering an opinion at trial. *Falkenthal*, 111 Ill. App. 3d at 705. In the present case, Dr. Jacob is a treating physician. The supreme court has held that treating physicians who are not hired only to render an opinion at trial do not come within the category of retained experts. *Tzystuck v. Chicago Transit Authority*, 124 Ill. 2d 226, 235 (1988). In addition, in *Falkenthal*, the

costs of expert witness fees included the fees for the time spent testifying at trial; thus, the fees did not fall within Supreme Court Rule 208 concerning fees of witnesses testifying at a deposition, as in the present case. Finally, the *Falkenthal* court failed to make a finding concerning the "other costs" of the discovery deposition because the request for costs was too vague. *Falkenthal*, 111 Ill. App. 3d at 711. Here, the request for costs of the evidence deposition was not vague.

Defendant also cites *Lee v. Hyster Co.* to assert that the trial court erred in taxing the costs of Dr. Jacob's time to testify in the evidence deposition. *Lee v. Hyster Co.*, 156 Ill. App. 3d 214 (1987). The court in *Lee* addressed the issue of which party must incur the fees involved in taking an expert witness's deposition. *Lee*, 156 Ill. App. 3d at 219. The court differentiated between statutory and nonstatutory fees, noting that statutory fees of witnesses include the fees as stated in section 47 of the Code of Civil Procedure and constitute $20 for each day's attendance and 20 cents per mile. *Lee*, 156 Ill. App. 3d at 219. Citing *Falkenthal*, the court held that statutory fees fall within Supreme Court Rule 208 and, therefore, because the defendant requested the deposition, the defendant was responsible for paying the statutory fees to the witness deposed. *Lee*, 156 Ill. App. 3d at 220.

The court then addressed what it characterized as nonstatutory fees: the fees an expert witness requests to appear and testify at a deposition. *Lee*, 156 Ill. App. 3d at 220. The court stated, "Such fees are nonstatutory in nature, as they are not required to be paid pursuant to either a supreme court rule or a provision of the Illinois Code of Civil Procedure," and the court held that the "nonstatutory fees" fall under Supreme Court Rule 220(c)(6) (107 Ill. 2d R. 220(c)(6)), concerning expert witnesses, which requires each party to bear the expense of all fees charged by his expert witness unless manifest injustice would result. *Lee*, 156 Ill. App. 3d at 220-21. The court stated, "[I]n order for Rule 220(c)(6) to be consistent with section 47 of the Fees and Salaries Act [(Ill. Rev. Stat. 1985, ch. 53, par. 65)] and Rule 208, the term 'fees' as used in Rule 220(c)(6) must be read as relating solely to nonstatutory fees which are the result of private agreements between a party and his expert witness." *Lee*, 156 Ill. App. 3d at 221. The court held, therefore, that the plaintiff could not recover costs for the payment of the nonstatutory fee his expert requested as compensation for his appearance and testimony at the discovery deposition. *Lee*, 156 Ill. App. 3d at 220-21.

Defendant also incorrectly applies *Lee* to the present case. As defendant explains, the court in *Lee* interpreted Supreme Court Rule 208 in conjunction with Supreme Court Rule 220(c)(6), concerning expert witnesses, which provides that "[u]nless manifest injustice

would result, each party shall bear the expense of all fees charged by his expert witness or witnesses." 134 Ill. 2d R. 220(c)(6). Supreme Court Rule 220, concerning expert witnesses, is inapplicable not only because Dr. Jacob was a treating physician (see *Tzystuck*, 124 Ill. 2d at 235) but also because Supreme Court Rule 220 has been deleted by order entered June 1, 1995, effective January 1, 1996.

Supreme Court Rule 208 provides that a trial court may in its discretion tax "fees of the witness" to testify at a deposition. 134 Ill. 2d R. 208. Supreme Court Rule 208 does not distinguish between "statutory" and "nonstatutory" fees. Furthermore, the supreme court rules have noted the importance of fees for primary treating physicians. Supreme Court Rule 204(c) specifically allows for reasonable payment to a physician for his testimony at a discovery deposition. 166 Ill. 2d R. 204(c). We find the policy behind Supreme Court Rule 204 equally applicable in this case.

Because the evidence deposition in the case *sub judice* was necessarily used at trial, the court was within its discretion in taxing as costs against defendant the physician's fee in testifying and the videotaping and transcription fees in recording the evidence deposition.

## III. CONCLUSION

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

CHAPMAN and KUEHN, JJ., concur.