KENNETH L. HESSON, Plaintiff-Appellee, v. WILLIAM D. LEICHSENRING *et al.*, Defendants-Appellants.

Fourth District   No. 4—00—0044

Opinion filed May 4, 2001.

Michael T. Reagan, of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of Ottawa, for appellants.

Gary A. Brown and Julie B. Cox, both of Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., of Springfield, for appellee.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In October 1997, plaintiff, Kenneth L. Hesson, sued defendants, William D. Leichsenring and John L. Livingston, d/b/a Chatham Disposal (collectively Chatham), for injuries he sustained in an automobile accident. In September 1999, a jury returned a verdict in Hesson's favor and awarded him $45,809.12. In October 1999, Hesson filed a motion to tax costs, pursuant to section 5—108 of the Code of Civil Procedure (Code) (735 ILCS 5/5—108 (West 1998)), which the trial court later granted in part.

Chatham appeals, arguing only that the trial court erred by awarding certain deposition costs to Hesson. We affirm in part, reverse in part, and remand with directions.

## I. BACKGROUND

In October 1999, Hesson filed a motion requesting the trial court to tax certain litigation costs, totaling $3,634.29, to Chatham. 735 ILCS 5/5—108 (West 1998). Chatham later filed an objection to some of the requested costs, including (1) court reporter attendance and transcription fees for the discovery deposition of Chatham's medical expert, Dr. Walter Lemann, which was taken by Hesson (totaling $416.75), and (2) the cost of copying Lemann's videotaped evidence deposition, which was taken by Chatham (totaling $153.75). Following

a hearing, the court granted Hesson's motion to tax costs of $2,921.15, which included the aforementioned contested amounts. In November 1999, Chatham filed a motion to reconsider, which the court later denied. This appeal followed.

Although Hesson did not file a brief with this court, the record is simple and the claimed error is such that we can decide this appeal on the merits without the aid of an appellee brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976).

## II. THE TRIAL COURT'S ORDER AWARDING COSTS

Chatham argues that the trial court erred by awarding (1) court reporter attendance and transcription fees for Lemann's discovery deposition; and (2) the cost of copying Lemann's videotaped evidence deposition because no Illinois authority allows Hesson to recover for such items. We agree.

■ Generally, a successful litigant is not entitled to recover the ordinary expenses of litigation. *Galowich v. Beech Aircraft Corp.*, 92 Ill. 2d 157, 162, 441 N.E.2d 318, 320 (1982) (*Galowich I*); *Wiegman v. Hitch-Inn Post of Libertyville, Inc.*, 308 Ill. App. 3d 789, 804, 721 N.E.2d 614, 627 (1999). "The allowance and recovery of costs is therefore entirely dependent on statutory authorization." *Galowich I*, 92 Ill. 2d at 162, 441 N.E.2d at 320.

■ Section 5—108 of the Code provides that a prevailing plaintiff in any action for damages personal to the plaintiff may recover his "costs." 735 ILCS 5/5—108 (West 1998). In addition, Supreme Court Rule 208(d) provides that certain expenses relating to depositions may be taxed as costs. 134 Ill. 2d R. 208(d). In *Galowich I*, 92 Ill. 2d at 166, 441 N.E.2d at 322, the supreme court held that Rule 208(d) authorizes the trial court "to tax as costs, in its discretion, the expenses only of those depositions necessarily used at trial." The *Galowich I* court explained as follows:

"This interpretation of the rule accords with this court's frequent statements that a successful litigant is not entitled to recover the ordinary expenses of litigation. [Citations.] The deposition as used in modern litigation is almost entirely a technique of trial preparation, serving primarily the convenience of counsel. Though there may be instances in which a discovery deposition would become a necessity—as when a crucial witness died or disappeared before trial—it is difficult to say that all or even most of the depositions routinely taken in preparation for trial are necessary. Litigants in Illinois must bear their own litigation and trial-preparation expenses, and in our view these include the expenses of discovery depositions." *Galowich I*, 92 Ill. 2d at 166, 441 N.E.2d at 322.

■ Under the *Galowich I* test, use of a deposition at trial is not a sufficient basis for taxing deposition costs to the losing litigant. In order for deposition costs to be taxed, the deposition must have been necessary. *Galowich v. Beech Aircraft Corp.*, 209 Ill. App. 3d 128, 142, 568 N.E.2d 46, 55 (1991) (*Galowich II*). Courts have interpreted the phrase "necessarily used at trial" to mean "indispensable" to the trial. *Wiegman*, 308 Ill. App. 3d at 804, 721 N.E.2d at 627; *Boyle v. Manley*, 263 Ill. App. 3d 200, 206, 635 N.E.2d 1014, 1019 (1994); see *Galowich II*, 209 Ill. App. 3d at 142, 568 N.E.2d at 55 (holding that depositions used at trial to impeach witnesses or refresh their recollection were not "indispensable").

■ In this case, the discovery deposition of Lemann, Chatham's medical expert, was not used at trial. Thus, it clearly was not "necessarily used" at, or "indispensable" to, the trial. Further, although Lemann's videotaped evidence deposition was used at trial (by Chatham over Hesson's objection), Hesson's obtaining a copy of that deposition cannot be fairly characterized as "indispensable" to the trial. Instead, Hesson's copying and use of the evidence deposition of his opponent's medical expert constituted a "technique of trial preparation, serving primarily the convenience of counsel" (*Galowich I*, 92 Ill. 2d at 166, 441 N.E.2d at 322). We therefore conclude that the trial court erred by awarding Hesson (1) court reporter attendance and transcription fees for Lemann's discovery deposition, and (2) the cost of obtaining a copy of Lemann's videotaped evidence deposition, totaling $570.50. Accordingly, we reverse that portion of the order awarding costs for Lemann's discovery deposition and copying Lemann's evidence deposition and remand for entry of an amended order awarding costs.

## III. CONCLUSION

For the reasons stated, we reverse that portion of the order awarding costs for the depositions of Lemann and remand for entry of an amended order awarding costs. We affirm the trial court's judgment in all other respects.

Affirmed in part and reversed in part; cause remanded with directions.

McCULLOUGH and KNECHT, JJ., concur.