NICHOLAS VICENCIO, Plaintiff-Appellee, v. LINCOLN-WAY BUILDERS, INC., Defendant-Appellant and Third-Party Plaintiff (Weidner's Depot of Mokena, Ltd., d/b/a Gorman Drywall, *et al.*, Third-Party Defendants).

Third District    No. 3—01—0338

Opinion filed March 14, 2002.

440

Lloyd E. Dyer, Jr. (argued), of Mountcastle, Kelly & Dyer, of Wheaton, for appellant.

David H. Lucas and Katherine P. Purevich-Cardenas (argued), both of Law Offices of Lucas & Cardenas, of Chicago, for appellee.

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

Defendant, Lincoln-Way Builders, appeals the trial court's award of various trial fees to plaintiff, Nicholas Vicencio. We affirm in part and reverse in part.

Plaintiff sued defendant for injuries sustained through defendant's negligence. During trial, plaintiff presented the testimony of his treating physician, Dr. Preston Wolin, by videotaped evidence deposition because Wolin was not available to testify at trial due to his professional schedule. Plaintiff also required the services of a Spanish interpreter during his own testimony because he does not speak English. Finally, Melvin Weidner, one of plaintiff's witnesses, failed to show up at trial. Defendant subsequently took Weidner's evidence deposition and presented it during its case in chief.

After a jury verdict in his favor, plaintiff filed a motion for costs. Defendant agreed to all costs except:

| | |
|---|---:|
| Dr. Preston Wolin (trial testimony) | $2,400.00 |
| Court Reporter (Wolin's deposition transcript) | 921.06 |
| Videographer (record) | 766.50 |
| Videographer (playback) | 630.00 |
| Spanish Interpreter | 428.80 |
| Melvin Weidner (trial subpoena fee) | 22.80. |

After a hearing, the trial court found that the "contested costs were necessary and integral to the presentation of Plaintiff's case to the jury" and ordered defendant to reimburse plaintiff.

## I. Dr. Wolin's Fee

Defendant contends that the fees paid by plaintiff to his treating

physician for the time spent giving his evidence deposition so that the physician would not be required to appear at trial was an ordinary expense of litigation and not reimbursable under Rule 208 (134 Ill. 2d R. 208). Plaintiff responds that because Dr. Wolin was his treating physician, and the only person who could testify regarding plaintiff's injuries and treatment, his testimony was indispensable at trial. We agree.

■ Any costs charged to the losing party in a lawsuit must be authorized specifically by statute. *Galowich v. Beech Aircraft Corp.*, 92 Ill. 2d 157, 162, 441 N.E.2d 318, 320 (1982). However, "the General Assembly may grant the power in general terms to the courts, which may in turn make rules or orders under which costs may be taxed and imposed." *Gebelein v. Blumfield*, 231 Ill. App. 3d 1011, 1013, 597 N.E.2d 265, 267 (1992).

■ Section 5—108 of the Code of Civil Procedure (735 ILCS 5/5— 108 (West 2000)) allows for costs to be taxed against defendants, but does not specifically identify which expenses are allowed to be taxed as costs. *Woolverton v. McCracken*, 321 Ill. App. 3d 440, 442, 748 N.E.2d 327, 329 (2001). However, Supreme Court Rule 208 provides that deposition costs "may in the discretion of the trial court be taxed as costs." 134 Ill. 2d R. 208(d).

In *Galowich*, our supreme court further defined the costs covered by Rule 208, stating:

> "[N]either the Illinois costs statute nor the supreme court rules provide a specific definition of costs. However, the term has acquired a fixed and technical meaning in the law. Costs are allowances in the nature of incidental damages awarded by law to reimburse the prevailing party, to some extent at least, for the expenses necessarily incurred in the assertion of his rights in court. [Citations.] We therefore interpret Rule 208(d) as authorizing the trial court to tax as costs, in its discretion, the expenses only of those depositions necessarily used at trial." *Galowich*, 92 Ill. 2d at 165-66, 441 N.E.2d at 322.

Since *Galowich*, the Second and Fifth Districts have addressed the trial court's authority to tax as costs the expenses of a treating physician's evidence deposition used at trial in lieu of live testimony with differing results.

In *Irwin v. McMillan*, 322 Ill. App. 3d 861, 750 N.E.2d 1246 (2001), the Second District reasoned that the plaintiff's treating physician was not "indispensable" because he was not "unavailable" by reason of death or disappearance. *Irwin*, 322 Ill. App. 3d at 866, 750 N.E.2d at 1250. Therefore, his evidence deposition was not "necessarily used at trial" under Supreme Court Rule 208. *Irwin*, 322 Ill. App. 3d at

866, 750 N.E.2d at 1250; see also *Wiegman v. Hitch-Inn Post of Libertyville, Inc.*, 308 Ill. App. 3d 789, 721 N.E.2d 614 (2nd Dist. 1999).

The Fifth District, in *Perkins v. Harris*, 308 Ill. App. 3d 1076, 720 N.E.2d 1131 (1999), and *Woolverton v. McCracken*, 321 Ill. App. 3d 440, 748 N.E.2d 327 (2001), found that whether an evidence deposition was "necessarily used at trial" is a matter within the discretion of the trial court. The court reasoned that the treating physicians were the only witnesses able to testify regarding the plaintiffs' injuries and treatments. The evidence depositions were necessarily incurred by plaintiffs in asserting their rights in court and were not the ordinary expenses of litigation. The court concluded that because the physicians' demanding schedules did not allow them to testify, the depositions were "necessarily used at trial" under Rule 208. *Perkins*, 308 Ill. App. 3d at 1080, 720 N.E.2d at 1134; *Woolverton*, 321 Ill. App. 3d at 445, 748 N.E.2d at 333.

■ We recognize that the *Irwin* court was concerned with the possibility of abuse of Rule 208 by a plaintiff attempting to shift deposition costs to a defendant by merely alleging that the witness is unavailable to testify due to a demanding work schedule. While we share this concern, we find the Second District's interpretation of Rule 208 too rigid and its results too harsh. Therefore, we agree with the Fifth District that Rule 208 grants the trial court the discretion to tax costs to a defendant based on the individual circumstances of each case. We trust that trial courts will exercise their discretion under Rule 208 wisely.

■ A trial court's award of costs and fees is a discretionary matter and will not be disturbed on review absent a clear abuse of discretion. *Perlman v. Time, Inc.*, 133 Ill. App. 3d 348, 355, 478 N.E.2d 1132, 1138 (1985). An abuse of discretion is found if the trial court " 'acted arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted.' [Citation.]" *Zurich Insurance Co. v. Raymark Industries, Inc.*, 213 Ill. App. 3d 591, 595, 572 N.E.2d 1119, 1122 (1991). The role of a reviewing court is not to substitute its judgment for that of the trial court. *Woolverton*, 321 Ill. App. 3d at 445, 748 N.E.2d at 331.

■ In the case before us, the trial court determined that plaintiff was entitled to be reimbursed for the costs connected with taking Dr. Wolin's evidence deposition, which was used at the trial. These expenses were necessarily incurred by plaintiff in asserting his rights in court and were not the ordinary expenses of litigation. Additionally, Dr. Wolin's practice is located in Chicago. Forcing him to testify at trial would not only require absence from his practice for the time he

would testify, but would also require substantial travel time. Under the circumstances, we cannot say that the trial judge erred in awarding as costs the fees charged by plaintiff's treating physician for giving an evidence deposition used at trial.

## II. Court Reporter and Videographer Fees

■ Defendant also argues that the trial court erred by awarding plaintiff the costs of videotaping Dr. Wolin's deposition. Citing Supreme Court Rule 206 (134 Ill. 2d R. 206(f)(5)), defendant contends that plaintiff is required to pay the costs of videotaping the deposition because the deposition was videotaped at plaintiff's insistence.

We find that the trial court did not abuse its discretion in taxing the costs of the court reporter and videographer because the deposition itself was "necessarily used at trial." Rule 206 states that "[t]he party at whose instance the videotaped deposition is taken shall pay the charges of the videotape operator *** and *** charges for filing the videotape of an evidence deposition." 134 Ill. 2d R. 206. However, the rule is silent on whether that party may be reimbursed for those charges.

As discussed above, Rule 208 authorizes the trial court to award costs to the prevailing party for depositions "necessarily used at trial." The costs of videotaping, editing, and transcribing an evidence deposition fall within Rule 208 "because Supreme Court Rule 208 provides for fees associated with videotaping and transcription and, as a result, provides for the trial court to tax both to defendant." *Perkins*, 308 Ill. App. 3d at 1081, 720 N.E.2d at 1135.

The trial court did not abuse its discretion in awarding costs to plaintiff for the fees associated with the court reporter and videographer. The deposition was necessarily used at trial and the costs of recording and transcribing of the deposition are allowed to be taxed to the prevailing party under Supreme Court Rule 208(d).

## III. Interpreter and Trial Subpoena Fees

■ Defendant's final contentions are that the trial court abused its discretion by awarding as costs the fee for the services of plaintiff's interpreter during trial and the trial subpoena fee paid to plaintiff's witness, Melvin Wiedner. It argues that the court lacked the statutory authority required to assess those expenses as costs because they are the ordinary expenses of litigation.

As noted above, the allowance of costs for ordinary expenses and the burden of litigation is entirely dependent upon statutory authorization. *Galowich*, 92 Ill. 2d at 162, 441 N.E.2d at 320. While section 5—108 of the Code of Civil Procedure (735 ILCS 5/5—108 (West 2000)) does not specifically define the word "costs," section 1—105 of the

Code (735 ILCS 5/1—105 (West 2000)) allows the supreme court to provide for the assessment of costs by rule. Plaintiff has cited no statute or rule that would allow us to shift the costs of the interpreter or the subpoena fees to defendant. Without such authority, the court was powerless to grant relief. The trial court abused its discretion in requiring the cost of plaintiff's interpreter and Weidner's subpoena fee to be paid by the defendant.

The judgment of the circuit court of Will County is affirmed in part and reversed in part.

Affirmed in part and reversed in part; cause remanded.

BRESLIN and HOLDRIDGE, JJ., concur.