AMY BETH MYERS, Plaintiff-Appellant, v. CODY J. BASH, Defendant-Appellee.

Fourth District    No. 4—01—0963

Argued June 18, 2002.—Opinion filed October 4, 2002.

MYERSCOUGH, J., specially concurring.
TURNER, J., dissenting.

Edward H. Rawles (argued), of Rawles, O'Byrne, Stanko & Kepley, P.C., of Champaign, for appellant.

Barbara E. Snow (argued), of Thielen Law Offices, of Bloomington, for appellee.

JUSTICE COOK delivered the opinion of the court:

On August 21, 2001, a jury awarded plaintiff, Amy Beth Myers, $13,725.09 for personal injuries sustained in an automobile accident. Plaintiff moved for an award of costs, including fees of $1,275 charged by a treating physician and two chiropractors for giving evidence depositions and $821 representing the costs of the evidence depositions. The depositions were read into evidence during plaintiff's case. The trial court determined that the doctors were available to personally testify at trial and that it was necessary to use the evidence depositions at trial and denied the motion for costs. Plaintiff appeals.

■ The taxing of costs is clearly an area in which the trial court exercises its discretion, to which we will defer unless that discretion is abused. 134 Ill. 2d R. 208(d). However, it is the duty of the reviewing courts to establish general principles for the taxation of costs. We should not simply defer to every decision of the trial court, as doing so "tends to establish too many *ad hoc* rules of law as to the correct result in any given case." *In re Estate of Smith*, 201 Ill. App. 3d 1005, 1010, 559 N.E.2d 571, 574 (1990) (sanctions under Rules 219(b) and 137 (166 Ill. 2d R. 219(b); 155 Ill. 2d R. 137)). The reviewing court should maintain some consistency of result at least for certain situations that are common and for which a clear result follows from the spirit as well as the letter of the applicable rules or statutes. *Smith*, 201 Ill. App. 3d at 1010, 559 N.E.2d at 574. The general question whether evidence depositions may be taxed as costs is a question of law. The question whether particular evidence depositions, *e.g.*, cumulative depositions, should be taxed as costs is within the discretion of the trial court.

■ At common law, a successful litigant was not entitled to recover from his opponent the costs and expenses of the litigation. The allowance and recovery of costs are therefore entirely dependent on statutory authorization. *Galowich v. Beech Aircraft Corp.*, 92 Ill. 2d 157, 162, 441 N.E.2d 318, 320 (1982); *Hesson v. Leichsenring*, 321 Ill. App. 3d 1018, 1020, 748 N.E.2d 795, 796 (2001).

■ If a plaintiff recovers damages in a lawsuit, "then judgment shall be entered in favor of the plaintiff to recover costs against the defendant." 735 ILCS 5/5—108 (West 2000). A defendant may recover costs if the action is voluntarily dismissed or is dismissed for want of

prosecution or judgment is entered against plaintiff. 735 ILCS 5/5—109 (West 2000). The supreme court is expressly authorized to provide by rule for "the assessment of costs." 735 ILCS 5/1—105 (West 2000). By rule, deposition costs, for both discovery and evidence depositions (see 134 Ill. 2d R. 208, Committee Comments), shall initially be paid by the party at whose instance the deposition is taken, but "[t]he aforesaid fees and charges may in the discretion of the trial court be taxed as costs." 134 Ill. 2d R. 208(d).

■ Much of the supreme court's discussion of costs is found in *Galowich*, where the supreme court ruled against an award of some $200,000 to defendants for discovery deposition expenses after plaintiffs voluntarily dismissed their case before trial. The court's approach was that the taking of depositions in preparation for trial is a luxury that a party must pay for himself. "[D]epositions, particularly discovery depositions, are usually taken for the convenience of the litigant and counsel in preparing for trial; they are an expense of litigation that a party undertakes for his own benefit, and therefore are not properly allowable as costs." *Galowich*, 92 Ill. 2d at 163-64, 441 N.E.2d at 321. The court was not opposed to costs in a proper case, however. "Costs are allowances in the nature of incidental damages awarded by the law to reimburse the prevailing party, to some extent at least, for the expenses necessarily incurred in the assertion of his rights in court." *Galowich*, 92 Ill. 2d at 165-66, 441 N.E.2d at 321.

Galowich mentioned three points, which may or may not have general application beyond the issue of discovery depositions: (1) costs must be necessarily incurred, (2) a successful litigant is not entitled to recover the ordinary expenses of litigation, and (3) the test for when the expense of a deposition is taxable as costs is its necessary use at trial. *Galowich*, 92 Ill. 2d at 165-66, 441 N.E.2d at 321-22; see also *Galowich v. Beech Aircraft Corp.*, 209 Ill. App. 3d 128, 142, 568 N.E.2d 46, 55 (1991) (use of deposition to correct witness's answer, which the witness admitted was mistaken, and to refresh recollection, not "indispensable").

■ We first address the suggestion that a successful litigant is not entitled to recover the ordinary expenses of litigation. A persuasive argument can be made that all costs, by definition, are ordinary expenses of litigation, and that if ordinary expenses of litigation are not recoverable, no cost can ever be recovered. The costs of an interpreter and subpoena fees to a witness have been denied on the basis that they were the ordinary expenses of litigation. *Vicencio v. Lincoln-Way Builders, Inc.*, 328 Ill. App. 3d 439, 444 (2002); *cf. Irwin v. McMillan*, 322 Ill. App. 3d 861, 863, 750 N.E.2d 1246, 1248 (2001)

(defendant agreed to pay filing fee, sheriff's fee for service of summons, and subpoenaed witness fees of $20 a day and $0.20 a mile). We disagree with *Vicencio*. We read *Galowich* and the cases it cites to stand for the proposition that ordinary expenses and burdens of litigation such as attorney fees are not allowable to the successful party in the absence of a *statute* or rule, but the *statutory* costs awarded a successful plaintiff are recoverable even if they are ordinary expenses of litigation. *Ritter v. Ritter*, 381 Ill. 549, 553-54, 46 N.E.2d 41, 43-44 (1943) (attorney fees); *House of Vision, Inc. v. Hiyane*, 42 Ill. 2d 45, 52, 245 N.E.2d 468, 472 (1969) ("attorneys' fees and the ordinary expenses and burdens of litigation"); *Galowich*, 92 Ill. 2d at 166, 441 N.E.2d at 322 (citing *Ritter* and *House of Vision*).

■ The test for when the expense of a discovery deposition is taxable as costs, its necessary use at trial, has limited relevance with evidence depositions. Compare *Woolverton v. McCracken*, 321 Ill. App. 3d 440, 445, 748 N.E.2d 327, 331 (2001) (evidence depositions met two-pronged test of *Galowich*), with *Irwin*, 322 Ill. App. 3d at 867, 750 N.E.2d at 1250 (use of doctor's evidence deposition at trial has nothing to do with necessary use or even unavailability). All evidence depositions are taken with the idea they will be used at trial. Unlike a discovery deposition, it is not unusual for an evidence deposition to be used at trial. We conclude the essential question in this case is *not* whether these depositions were taken for the convenience of counsel in preparing for trial or whether they were used in an unusual situation "as when a crucial witness died or disappeared before trial." *Galowich*, 92 Ill. 2d at 166, 441 N.E.2d at 322; see 188 Ill. 2d R. 212(a)(5) (discovery deposition may be used at trial, in the court's discretion, if "deponent is unable to attend or testify because of death or infirmity").

## I. ORDINARY EXPENSES OF AN EVIDENCE DEPOSITION

■ Should the reporting and transcription costs of a physician's evidence deposition, and any statutory witness fees and mileage, be taxable as costs? We conclude they should be. Some cases have held that such costs are not "necessarily incurred" because a cheaper option is available, live testimony at trial. *Irwin*, 322 Ill. App. 3d at 866, 750 N.E.2d at 1250 (mere unavailability for trial, as opposed to death or disappearance, not sufficient). Other cases have held that, as a matter of practical necessity, evidence depositions of physicians must be used. *Vicencio*, 328 Ill. App. 3d at 442-43 (testimony would require physician to be absent from his practice and require substantial travel time); *Perkins v. Harris*, 308 Ill. App. 3d 1076, 1080, 720 N.E.2d 1131, 1134-35 (1999) ("Dr. Jacob could not testify live at trial due to his demanding surgery schedule").

In recent years, special rules have been adopted regarding the testimony of physicians, recognizing their busy schedules, the frequency with which they are called to testify, and perhaps the expense involved in obtaining their testimony. In the absence of consent by the parties and the physician, discovery depositions of nonparty physicians may be taken only upon order of court. 166 Ill. 2d R. 204(c). "The evidence deposition of a physician or surgeon may be introduced in evidence at trial on the motion of either party regardless of the availability of the deponent, without prejudice to the right of either party to subpoena or otherwise call the physician or surgeon for attendance at trial." 188 Ill. 2d R. 212(b).

Given the preference expressed in the rules that the testimony of a physician be presented by way of evidence deposition, we conclude that a party should be allowed to recover the regular expenses connected with an evidence deposition as costs. An evidence deposition is but a substitute for live testimony at trial, and the expenses incurred in connection with live testimony are taxable as costs. We do not consider a physician's evidence deposition to be a "luxury," an expense of litigation that a party undertakes for his own benefit, in light of the expressed preference for the use of physician evidence depositions.

## II. THE FEES PAID TO THE EXPERT

■ We conclude, however, that nonstatutory witness fees paid to a physician in connection with his evidence deposition are not taxable as costs. See *Boehm v. Ramey*, 329 Ill. App. 3d 357, 366, 771 N.E.2d 493, 500 (2002).

Expert witnesses, like other witnesses, normally are only entitled to $20 per day and $0.20 per mile of necessary travel. 705 ILCS 35/4.3(a) (West 2000); *Falkenthal v. Public Building Comm'n of Chicago*, 111 Ill. App. 3d 703, 711, 444 N.E.2d 498, 504 (1982); *Lee v. Hyster Co.*, 156 Ill. App. 3d 214, 220, 509 N.E.2d 586, 590 (1987). It may be possible for a plaintiff to obtain the testimony of a physician who has relevant knowledge without paying the physician any fee, simply by calling the physician as a witness and paying the statutory fee. However, such a witness is not likely to be a very cooperative witness; in practice, the party calling a physician as a witness pays the physician a fee.

Prior to 1989, Rule 204(c) provided that a party "may agree to pay" a reasonable fee to a physician for the time he or she will spend testifying at a discovery deposition. The rule allowed lawyers to reasonably compensate physicians for their time without being criticized for paying more than was required. In 1989, Rule 204(c) was changed to say that a party "shall pay" a reasonable fee. 166 Ill. 2d R. 204(c). If

Rule 204(c) applied to evidence depositions, or to testimony at trial, it might be argued that the reasonable fee charged by a physician was a required fee, similar to the statutory fees of $20 a day and $0.20 a mile required to be paid other witnesses, and taxable as costs. Rule 204(c), however, does not apply to evidence depositions or testimony at trial. 166 Ill. 2d R. 204(c) ("The discovery depositions of nonparty physicians"). *Cf. Woolverton*, 321 Ill. App. 3d at 442-44, 748 N.E.2d at 330-31 (rules express a strong desire to ensure physicians are properly compensated). The limitation of mandatory fees to discovery depositions appears to have been intended to prevent the taxation of mandatory fees as costs, it being recognized that the expenses of discovery depositions generally may not be taxed as costs.

Assessing substantial witness fees to the losing party as costs, like the assessment of attorney fees, would constitute a major change in our procedural law. *Falkenthal*, 111 Ill. App. 3d at 711, 444 N.E.2d at 504 (in the absence of statutory authority, experts' fees are not taxable as costs). In the absence of a specific statute or rule permitting nonstatutory fees for physician witnesses to be taxed as costs, we affirm the trial court's decision refusing to tax those costs. We reverse the trial court's decision refusing to tax the standard expenses of the evidence depositions as costs and remand for further consideration in light of this opinion.

Affirmed in part and reversed in part; cause remanded.

JUSTICE MYERSCOUGH, specially concurring:

I write to specially concur. As the opinion and dissent indicate, the supreme court rules are not clear on this issue of reimbursement for costs of physician depositions. Given the recognition that physicians' evidence depositions may be introduced at trial (188 Ill. 2d R. 212(b)), it is only logical that unavailability no longer need be established. However, reasonable physician witness fees for evidence depositions should also be considered costs assessable to the losing party, as discovery deposition fees are. 166 Ill. 2d R. 204(c). The supreme court rules are clearly in need of clarification on this point.

JUSTICE TURNER, dissenting:

I respectfully dissent.

Here, the trial court denied the prevailing party her evidence deposition expenses, finding that, while the evidence depositions were "necessary for the presentation of he[r] case," she presented "no evidence that any of these doctors were unavailable to testify live."

"A prevailing party may recover costs if a statute or supreme

court rule so provides." *Boehm*, 329 Ill. App. 3d at 366, 771 N.E.2d at 500. Supreme Court Rule 208(a) (134 Ill. 2d R. 208(a)) provides, in pertinent part, as follows:

"The party at whose instance the deposition is taken shall pay the fees of the witness and of the officer and the charges of the recorder or stenographer for attending. The party at whose request a deposition is transcribed and filed shall pay the charges for transcription and filing."

Rule 208(d) then states, "[t]he aforesaid fees and charges may in the discretion of the trial court be taxed as costs." 134 Ill. 2d R. 208(d). The proper definition of "costs" has been left for the courts to determine. *Boehm*, 329 Ill. App. 3d at 366, 771 N.E.2d at 500.

In *Galowich*, 92 Ill. 2d at 166, 441 N.E.2d at 322, the Supreme Court of Illinois interpreted "Rule 208(d) as authorizing the trial court to tax as costs, in its discretion, the expenses only of those depositions necessarily used at trial." While *Galowich* dealt with the expenses associated with discovery depositions, this court and other appellate courts have applied the "necessarily used at trial" language in analyzing whether evidence deposition expenses were costs under Rule 208(d). See *Boehm*, 329 Ill. App. 3d at 366, 771 N.E.2d at 500 (Fourth District); *Vicencio*, 328 Ill. App. 3d at 441-42 (Third District); *Irwin*, 322 Ill. App. 3d at 865, 750 N.E.2d at 1249 (Second District); *Perkins*, 308 Ill. App. 3d at 1079, 720 N.E.2d at 1134 (Fifth District). Specifically, the aforementioned cases dealt with the evidence depositions of physicians.

While the appellate courts have all applied the *Galowich* language to evidence deposition expenses, the courts have disagreed on the definition of "necessarily used at trial." Compare *Irwin*, 322 Ill. App. 3d at 866, 750 N.E.2d at 1250 (physician's evidence deposition was not "necessarily used at trial" because the physician was not "unavailable" by reason of death or disappearance), with *Perkins*, 308 Ill. App. 3d at 1080, 720 N.E.2d at 1134-35 (evidence deposition was "necessarily used at trial" because the physician's demanding schedule did not allow him to testify). In *Boehm*, 329 Ill. App. 3d at 366, 771 N.E.2d at 500, this court held that a plaintiff fails to demonstrate his evidence deposition was "necessarily used at trial" where the plaintiff does not offer any reason for the physician-witness's unavailability.

Here, the trial judge commented that he did not have before him "any evidence that any of these witnesses were unavailable." Thus, I continue to follow our holding in *Boehm* and would affirm *in toto* the trial court's judgment because plaintiff failed to offer any evidence that the physicians and chiropractors were unavailable.