ROBERT DEAN HOWELL, Plaintiff-Appellant, v. WALTER C. THOMPSON, Defendant-Appellee (Edwin E. Neblett *et al.*, Defendants).

Second District   No. 2—87—0140

Opinion filed October 15, 1987.

Gregory R. Sun, of Chicago, for appellant.

Edward R. Duncan, Jr., and Adrianna K. Liber, both of O'Reilly, Cunningham, Norton & Mancini, of Wheaton, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Following the voluntary dismissal pursuant to section 2—1009 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009) by plaintiff, Robert Dean Howell, of his medical malpractice action against defendant Walter C. Thompson, M.D., the circuit court of Du Page County entered an order requiring plaintiff to reimburse defendant in the amount of $874.15 for defendant's costs, including $855.15 in expenses incurred in the taking of evidence depositions.

Plaintiff appeals raising the single issue of whether evidence deposition expenses are allowable as costs under Supreme Court Rule 208(d) (107 Ill. 2d R. 208(d)) upon the voluntary dismissal of plaintiff's suit.

Our resolution of this issue is controlled by our supreme court's decision in *Galowich v. Beech Aircraft Corp.* (1982), 92 Ill. 2d 157, 441 N.E.2d 318. There, the court held under circumstances similar to those here that Rule 208(d), authorizing the trial court to tax costs, in its discretion, cannot be used for the assessment of a defendant's deposition expenses against a plaintiff who voluntarily dismisses his case before trial. (92 Ill. 2d 157, 166-67, 441 N.E.2d 318.) Defendant contends, however, that *Galowich* did not specifically address whether the expenses of *evidence* depositions could be taxed as costs to a plaintiff upon a voluntary dismissal. Arguing that Illinois distinguishes between discovery depositions and evidence depositions (see 107 Ill. 2d R. 202; *Slatten v. City of Chicago* (1973), 12 Ill. App. 3d 808, 811, 299 N.E.2d 442), defendant cites, in support of his contention, a portion of the *Galowich* opinion which notes that litigants must bear their own litigation and trial-preparation expenses, which include the expenses of "discovery depositions." *Galowich v. Beech Aircraft Corp.* (1982), 92 Ill. 2d 157, 166, 441 N.E.2d 318.

This reference in *Galowich*, however, is the only instance in its holding in which the court refers specifically to discovery depositions, and then the language of the court is only illustrative that the use of discovery depositions is primarily a technique of trial preparation, the expense of which is ordinarily not recoverable as costs incurred at trial. The rest of the rationale and holding in the opinion refers simply to "depositions." We cannot ignore the plain language of the court's holding that "Rule 208(d) cannot be authority for the assessment of a defendant's deposition expenses against a plaintiff who voluntarily dismisses his case before trial." (92 Ill. 2d 157, 167, 441 N.E.2d 318.) Although the court's opinion recognized the two different types of depositions, its holding did not purport to create a different rule applicable to evidence depositions, and we cannot do so here.

468

Defendant also argues that the *Galowich* opinion does not require that the deposition actually be used at trial before the expense can be taxed as costs. This interpretation defies the actual holding in the case, which states that "[s]ince the test for when the expense of a deposition is taxable as costs is *its necessary use at trial*, it follows that Rule 208(d) cannot be authority for the assessment of a defendant's deposition expenses against a plaintiff who voluntarily dismisses his case before trial." (Emphasis added.) (92 Ill. 2d 157, 167, 441 N.E.2d 318.) The use of the deposition at trial is what authorizes the trial court, in its discretion, to tax that expense as costs pursuant to Rule 208(d).

As the circuit court here improperly taxed the deposition expenses as costs upon plaintiff's voluntary dismissal of the lawsuit, the portion of the judgment below allowing reimbursement of $855.15 in deposition expenses is reversed.

Reversed in part; affirmed in part.

LINDBERG, P.J., and NASH, J., concur.