FOURTH DIVISION

JANUARY 6, 2000

No. 1-98-3689

ERNESTINE CLAYTON, ) APPEAL FROM THE

) CIRCUIT COURT OF

Plaintiff-Appellee, ) COOK COUNTY.

)

) No. 97 L 51313

)

INGALLS MEMORIAL HOSPITAL, ) HONORABLE

) ALEXANDER WHITE

Defendant-Appellant. ) JUDGE PRESIDING.

JUSTICE HALL delivered the opinion of the court:

Defendant, Ingalls Memorial Hospital, appeals from the circuit court's August 5, 1998, order requiring it to comply with plaintiff's subpoena
 duces tecum
 and finding that section 16 of the Workers' Compensation Act (the Act) (820 ILCS 305/16 (West 1996)) requires a person issuing an Illinois Industrial Commission (Commission) subpoena 
duces tecum
 to pay only a $20-per-day witness fee and a $.20-per-mile travel fee to the deponent and that section 16 of the Act does not require the subpoenaing party to pay any per-page copy fees, retrieval fees, or any other expenses claimed by the subpoenaed entity.  On August 26, 1998, defendant filed a motion to reconsider, which was denied on September 3, 1998.  On September 29, 1998, defendant filed a timely notice of appeal.   For the reasons that follow, we affirm.

Background:

Plaintiff, Ernestine Clayton, sustained an accidental injury on October 15, 1995, that arose out of and in the course of her employment by Oak Forest Hospital.  She received treatment for this injury at defendant, Ingalls Memorial Hospital.  In 1996, plaintiff filed a workers' compensation claim against Oak Forest Hospital.  This claim is currently pending before the Commission. 

On November 12, 1996, plaintiff issued a Commission subpoena to defendant requiring defendant to produce plaintiff's original medical records and itemized bills before a Commission arbitrator on November 22, 1996, at 2 p.m.  This was not the date set for hearing on the case.  Accompanying the subpoena was correspondence from plaintiff's counsel telling defendant that it could comply with the subpoena by sending copies of the documents to plaintiff's counsel.  Also accompanying the subpoena was a $25 check made payable to defendant for statutory witness and mileage fees.

On November 21, 1996, plaintiff's counsel received a letter from Midwest Medical Records Associates, Inc. (MMRA), informing him that he could review plaintiff's medical records at defendant's facilities or photocopies would be provided for a fee.  The copying charges for the requested documents would be $203.25 (189 pages at $1.00 per page, $17 base rate, $20.75 postage and handling, less the $25 check previously tendered to defendant).  Plaintiff's counsel refused to pay.

On January 29, 1997, plaintiff presented a petition to enforce the subpoena to the arbitrator at the Commission.  On January 31, 1997, the arbitrator entered an order granting plaintiff leave to file an action in the circuit court for enforcement of the subpoena, including a request for declaratory judgment as to the effect of section 16 of the Act and the requirement of a subpoenaing party to pay any costs beyond those for witness and mileage expenses.  Plaintiff's complaint was filed on December 17, 1997.

On June 19, 1998, defendant filed an answer and six affirmative defenses.  On June 26, 1998, plaintiff filed a motion to strike the affirmative defenses.  On August 5, 1998, the circuit court entered an order striking defendant's affirmative defenses, ordering defendant to comply with plaintiff's subpoena, and finding that no fees other than those provided by the Workers' Compensation Act shall be demanded, those being $20-per-day witness fee and $.20-per-mile travel fee.  The order was entered 
nunc pro tunc
  July 27, 1998.

DISCUSSION:

The sole issue in this case is whether section 16 of the Act (820 ILCS 305/16 (West 1996)) requires a person issuing a Commission subpoena 
duces
 
tecum
 to pay only a $20-per-day witness fee and a $.20-per-mile travel fee to the deponent, or whether section 16 also requires the subpoenaing party to pay per-page copy fees.  

Defendant first argues that plaintiff's subpoena was improper.  Section 16 of the Act provides that the Commission or any arbitrator designated by the Commission has the authority, on the request of either party, to issue subpoenas for the attendance of witnesses and the production of documents.  820 ILCS 305/16 (West 1996).  Section 7030.50 of Illinois Administrative Code (50 Ill. Adm. Code §7030.50(b)(1996)) provides: "Unless otherwise agreed to by the parties, witnesses or documents may only be subpoenaed to appear or be produced at the time and place set for hearing of the cause."  The subpoena at issue in this case was returnable on a date other than the date of the hearing on the merits.  However, neither defendant nor the employer objected to the subpoena or moved to quash it.  Therefore, any argument regarding the propriety of the subpoena has been waived. 

Defendant next argues that the Act does not provide for pretrial discovery of medical records.  Therefore, if a workers' compensation plaintiff attempts to use section 16 as a pretrial discovery tool, he must comply with the applicable discovery rules in civil cases.  According to defendant, this court must look to the Code of Civil Procedure (735 ILCS 5/1-101 
et seq.
 (West 1996)), and the supreme court rules to determine the applicable procedure to be followed in issuing a subpoena 
duces tecum
 for medical records in a Commission case. 

We find that the Code of Civil Procedure and the supreme court rules regarding discovery are inapplicable in this case.  The law is clear that the Code of Civil Procedure and the supreme court rules do not apply to cases under the Act insofar as or to the extent that the procedure in question is regulated by the Act.  
Elles v. Industrial Comm'n
, 375 Ill. 107, 30 N.E.2d 615 (1940).  The subpoena process employed by plaintiff in this case is governed by section 16 of the Act.

Section 16 provides in pertinent part:

"The Commission, or any member thereof, or any Arbitrator designated by the Commission, shall on written request of either party to the dispute, issue subpoenas for the attendance of such witnesses and the production of such books, papers, records and documents as shall be designated in the applications, and the parties applying for such subpoena shall advance the officer and witness fees provided for in civil actions pending in circuit courts of this State***." 820 ILCS 305/16 (West 1996).

In interpreting a statute out primary goal is to ascertain and give effect to the true intent and meaning of the legislature.  
Kraft, Inc. v. Edgar
, 138 Ill. 2d 178, 561 N.E.2d 656 (1990).  Our search for legislative intent appropriately begins with the language of the statute.  
In re Liquidations of Reserve Insurance Co.
, 122 Ill. 2d 555, 524 N.E.2d 538 (1988).  By employing this language, the legislature clearly intended that section 16 would be read and enforced in conjunction with section 4.3 of the Circuit Courts Act (705 ILCS 35/4.3 (West 1996)), which governs the fees payable to witnesses who are compelled to attend depositions or trials in Illinois circuit courts.  This section requires the payment of a $20-per-day witness fee and $.20-per-mile travel fee.  It does not require the subpoenaing party to pay any per-page copy fees.  

We find that the circuit court correctly found that section 16 of the Act requires a subpoenaing party to pay a witness only a $20-per-day witness fee and a $.20-per-mile travel fee, not any per-page copy fees, retrieval fees, or any other expenses claimed by the subpoenaed party.      

Accordingly, for the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HOFFMAN, P.J., and SOUTH, J., concur.