No. 2--00--0443 

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

JANICE K. IRWIN, ) Appeal from the Circuit Court

) of De Kalb County.

Plaintiff-Appellee, )

) 

v. ) No. 97--L--80

)

ROBERT P. McMILLAN, ) Honorable

) Kurt P. Klein,

Defendant-Appellant. ) Judge, Presiding.

________________________________________________________________

JUSTICE RAPP delivered the opinion of the court:

Plaintiff, Janice K. Irwin, filed a complaint against defendant, Robert P. McMillan, claiming that on September 2, 1995, in Sycamore defendant negligently drove his car into the back of plaintiff's car and injured plaintiff.  Following a jury trial, plaintiff was awarded $23,685.86 in damages, and plaintiff moved  for an award of costs totaling $5,514.92.  The trial court granted the motion.  Defendant appealed, arguing that the trial court erred when it taxed against him as costs various witness fees and evidence deposition charges.  We reverse in part and vacate in part.

According to the filed bystander's report, the parties stipulated that Dr. Craig Popp, plaintiff's treating orthopedic surgeon, was not available to testify at the trial.  Thus, Dr. Popp's evidence deposition was introduced during plaintiff's case  in chief.  Plaintiff also called Dr. John Kelly, plaintiff's treating family physician, and Ms. Lynn Batalden, plaintiff's treating physical therapist.  Both Dr. Kelly and Ms. Batalden testified at the trial about their treatment of plaintiff and their opinions regarding plaintiff's physical condition.

After judgment was entered on the jury's verdict, the trial court awarded costs based on 
Perkins v. Harris
, 308 Ill. App. 3d 1076 (1999).  Defendant did not object to the following imposed costs:

"DeKalb County Circuit Clerk Filing Fee: $121.00

DeKalb County Sheriff: Service of Summons: $28.00

Harold Hardy: Subpoena Witness Fee: $20.00

Lynn Batalden: Subpoena Witness Fee: $20.00

Janson Reporting: Evidence Deposition

Transcript of Deposition of Dr. Popp: $288.45."

However, defendant did challenge the following charges:

"Dr. Craig Popp: 

Fee for Evidence Deposition: $750.00

Caroline Communications Video Recording

Of Deposition of Dr. Popp: $387.47

Dr. John Kelly:  Witness Fee:   $3,000.00

Lynn Batalden: Witness Fee: $900.00."

After the trial court entered its order awarding costs, this court decided 
Wiegman v. Hitch-Inn Post of Libertyville, Inc.
, 308 Ill. App. 3d 789 (1999).  Defendant moved to reconsider the trial court's award of costs based on 
Wiegman
.  At the hearing on the motion to reconsider, defendant argued, based on 
Wiegman
, that each party must bear its own costs for litigation.  Therefore, defendant claimed that the trial court could not tax as costs the witness fees that Dr. Popp, Dr. Kelly, and Ms. Batalden charged.  Plaintiff argued that 
Wiegman
 was distinguishable because 
Wiegman
 involved a retained expert and not a treating physician, as in this cause and 
Perkins
.  The trial court denied the motion to reconsider, and defendant filed this timely appeal.

I.  WITNESS FEES FOR DR. POPP, DR. KELLY, AND MS. BATALDEN

Defendant first argues that the trial court erred when it taxed as costs the witness fees that Dr. Popp, Dr. Kelly, and Ms. Batalden charged.  Defendant claims that the fees were improperly assessed against defendant because no statute or supreme court rule requires defendant to pay witness fees for treating health care professionals.  Plaintiff argues that the fees were properly taxed because section 5--108 of the Code of Civil Procedure (Code) (735 ILCS 5/5--108 (West 1998)) allows the court to award a plaintiff certain costs if judgment is entered for the plaintiff.  Plaintiff then claims that because neither the statutes nor the supreme court rules define "costs," this court should look to the cases that have concluded that witness fees are included in the term "costs."

At common law, a successful litigant could not recover the costs he incurred in pursuing his case.  
Falkenthal v. Public Building Comm'n
, 111 Ill. App. 3d 703, 710 (1982).  
However, a prevailing party currently may recover costs if a statute or supreme court rule so provides.  
Gleason v. Carter
, 212 Ill. App. 3d 206, 208 (1991).  
A party recovering costs under a statute or supreme court rule is limited to the costs the statute or rule specifically allows, and a trial court's judgment awarding costs will not be reversed on appeal absent an abuse of discretion.  
Gleason
, 212 Ill. App. 3d at 208-09.

Section 5--108 of the Code provides that a prevailing plaintiff in an action for damages personal to the plaintiff can recover certain "costs," but the statute fails to define "costs" or delineate what costs are recoverable.  735 ILCS 5/5--108 (West 1998); 
Wiegman
, 308 Ill. App. 3d at 804.  Nevertheless, our supreme court has defined costs as the "allowances in the nature of incidental damages awarded by law to reimburse the prevailing party, to some extent at least, for the expenses necessarily incurred in the assertion of [the party's] rights in court."  
Galowich v. Beech Aircraft Corp.
, 92 Ill. 2d 157, 165-66 (1982) (
Galowich I
).

A.  Witness Fee for Dr. Popp's Evidence Deposition

The first issue we address is whether the fee Dr. Popp charged for the taking of his evidence deposition can be taxed against defendant.  In 
Galowich I
, our supreme court concluded that Supreme Court Rule 208(d) (134 Ill. 2d R. 208(d)), which addressed discovery depositions, authorized trial courts to tax as costs the expenses of those depositions that were "necessarily used at trial."  
Galowich I
, 92 Ill. 2d at 166.  The court noted that "a discovery deposition would become a necessity *** when a crucial witness died or disappeared before trial." 
Galowich I
, 92 Ill. 2d at 166.  Thus, "necessarily used at trial" has been interpreted to mean "indispensable" to the trial, as when the witness dies or disappears.  
Wiegman
, 308 Ill. App. 3d at 804.    

The precise issue raised here was addressed in two recent Fifth District cases.  First, in 
Perkins
 the appellate court concluded that the prevailing plaintiff could recover the witness fee that the plaintiff's treating doctor charged for the taking of the doctor's videotaped deposition.  
Perkins
, 308 Ill. App. 3d at 1084.  The court reasoned that the costs were recoverable based on an interpretation of Rule 208 and Supreme Court Rule 204(c) (166 Ill. 2d R. 204(c)).  
Perkins
, 308 Ill. App. 3d at 1084.  

In 
Woolverton v. McCracken
, Nos. 5--99--0237 & 5--99--0573 cons. (April 25, 2001), the Fifth District more fully developed its holding in 
Perkins
.  In 
Woolverton
, as in 
Perkins
, the court relied on Rule 204(c) to conclude that the prevailing plaintiff may recover the fee that a treating doctor charged to testify in an evidence deposition.  
Woolverton
 noted that Rule 204(c) addressed a doctor's discovery deposition, not evidence deposition, but concluded that the spirit of Rule 204 revealed a strong desire to compensate doctors for the time they spent being deposed.  
Woolverton
, slip op. at 4.  

Although we agree with the policy behind the rule, we note that Rule 204(c) does not require a losing defendant to pay the doctor's fees.  Rather, Rule 204(c), when read in conjunction with Rule 208, provides that the party at whose instance a doctor's discovery deposition is taken bears the burden of paying the doctor's fees.  166 Ill. 2d R. 204(c); 
Woolverton
, slip op. at 4-5.  Here, the record revealed that the evidence deposition was "being taken and recorded on behalf of [plaintiff]."  Thus, plaintiff should be held responsible for Dr. Popp's witness fee.

Nevertheless, 
Woolverton
 did not rely solely on Rule 204(c).  Rather, after discussing Rule 204(c), 
Woolverton
 noted that Rule 208(d) authorized the trial court to tax a losing defendant for certain deposition expenses.  
Woolverton
, slip op. at 4-5.  Under Rule 208, the trial court may tax as costs the expense of those depositions that were "necessarily used at trial" or, in other words, "indispensable" to the trial.  
Woolverton
, slip op. at 5-6.  The issue then becomes whether the evidence deposition of a plaintiff's treating physician can be taxed against the defendant when the parties stipulated that the treating doctor was not available for trial.  We determine that such costs cannot be assessed against defendant. 

We find support for our position in 
Physicians Insurance Exchange v. Jennings
, 316 Ill. App. 3d 443 (2000).  In 
Jennings
, the parties agreed that the deposition of six witnesses could be used in the stipulated bench trial.  
Jennings
, 316 Ill. App. 3d at 463.  The court concluded that the expenses incurred in deposing the six witnesses could not be taxed against the counterdefendant because the depositions were not "indispensable."  
Jennings
, 316 Ill. App. 3d at 463.  In reaching this conclusion, the court noted that if the six witnesses would have testified at the trial, the counterplaintiff could not recover the deposition costs for those witnesses.  
Jennings
, 316 Ill. App. 3d at 448, 463.

Although 
Jennings
 states in 
dicta
 that a videotaped deposition is different from the situation presented in that case, and thus a prevailing plaintiff may recover a treating doctor's fees for testifying in an evidence deposition, we conclude that any variation between the facts and conclusion reached in 
Jennings
 and this cause is a distinction without a difference.  Specifically, as in 
Jennings
, defendant would not bear the costs of Dr. Popp's fee if Dr. Popp testified at the trial for plaintiff.  Therefore, the mere fact that Dr. Popp did not personally appear at the trial cannot somehow change the fact that plaintiff is responsible for paying the witness fees that his own treating doctor charges.  Plaintiff claims that defendant should be assessed the costs of Dr. Popp's witness fee because the parties stipulated that Dr. Popp was unavailable for trial.  However, the unavailability of a witness does not rise to the level of "indispensable."  See 
Boyle v. Manley
, 263 Ill. App. 3d 200, 206 (1994)(recognizing that a witness's deposition is indispensable to the trial when the witness has died or disappeared); 
Galowich v. Beech Aircraft Corp.
, 209 Ill. App. 3d 128, 142 (1991) (
Galowich II
) (implying that "necessary" or "indispensable" requires something more than using the deposition at trial because 
Galowich I
's examples of "necessary" use at trial included only the narrow situation where a crucial witness dies or disappears before trial); 
Cleveland Wrecking Co. v. Central National Bank
, 216 Ill. App. 3d 279, 296 (1991) (concluding that deposition costs of two witnesses were not indispensable because the witnesses had not died or disappeared).

We further must note that a blanket rule requiring the defendant to pay the plaintiff's treating doctor's fee for testifying in an evidence deposition would violate the "necessary"-or-"indispensable"-use-at-trial test because under Supreme Court Rule 212(b) (134 Ill. 2d R. 212(b)) a doctor's evidence deposition may be taken and presented to the court regardless of the doctor's availability to testify at trial.  Specifically, Rule 212(b) provides that "[t]he evidence deposition of a physician or surgeon may be introduced in evidence at trial on the motion of either party 
regardless of the availability of the deponent
." (Emphasis added.) 134 Ill. 2d R. 212(b).  Therefore, under Rule 212(b) the use of a doctor's evidence deposition at trial has nothing to do with the "indispensable" or "necessary" use of the evidence deposition or even the availability of the doctor.  Based on the foregoing, we determine that the part of the trial court's judgment taxing defendant $750  for Dr. Popp's witness fee must be reversed.

B.  Witness Fees for Dr. Kelly and Ms. Batalden

  The next issue we resolve is whether the trial court may tax as costs the fees two health care professionals  charged to testify in plaintiff's case in chief.  Defendant argues that he cannot be assessed these fees because no supreme court rule or statute authorizes the trial court to impose these costs.  Plaintiff argues that under section 5--108 of the Code Dr. Kelly's and Ms. Batalden's witness fees were properly assessed against defendant.  Plaintiff also claims that section 2--1101 of the Code (735 ILCS 5/2--1101 (West 1998)) allows a treating medical professional to recover more than the mileage and 
per diem
 fee provided for in section 4.3(a) of the Circuit Courts Act (Act) (705 ILCS 35/4.3(a)(West 1998)).  

As noted above, section 5--108 of the Code allows a court to tax certain costs against a losing defendant; however, the statute does not define the term "costs."  Plaintiff suggests that section 2--1101 of the Code gives the trial court the authority to tax against defendant the witness fees of two health care professionals who treated plaintiff and testified in plaintiff's case in chief.  Section 2--1101 of the Code provides that, when an expert is subpoenaed to testify at trial and a dispute arises about the expert's fee, the trial court may conduct a hearing to determine the reasonable fee that should be paid to the expert.  We do not believe that section 2--1101 of the Code applies to this cause.

Plaintiff next argues that section 4.3 of the Act requires defendant to pay Dr. Kelly's witness fee because defendant subpoenaed Dr. Kelly.  Plaintiff argues that under the Act defendant should be held responsible for Dr. Kelly's witness fee even though Dr. Kelly testified for plaintiff in plaintiff's case in chief and did not testify for defendant.  We determine that section 4.3 of the Act does not require defendant to pay Dr. Kelly's witness fee.  Under section 4.3(a) of the Act, a party who subpoenas a witness is required to pay the witness $20 per day and $0.20 for each mile that the witness drives to and from the trial.  This section does not require the subpoenaing party to pay the witness any additional costs, such as witness fees, which the subpoenaed witness may seek.  See 
Clayton v. Ingalls Memorial Hospital
, 311 Ill. App. 3d 135, 138-39 (2000) (analogizing the subpoena provisions of the Workers' Compensation Act (820 ILCS 305/16 (West 1996)) to section 4.3(a) of the Act and concluding, as under the Act, that a party subpoenaing a witness does not have to pay that witness any costs in addition to mileage and 
per diem
 fees).  

The parties have failed to cite any other statute or rule that allows a trial court to tax as costs the fees a witness charges for appearing and testifying in court, and our own research has failed to uncover any such authority.  Therefore, we conclude that the part of the trial court's judgment awarding plaintiff $3,000 for Dr. Kelly's witness fee and $900 for Ms. Batalden's witness fee must be reversed.

II. VIDEOTAPE AND TRANSCRIPTION FEE FOR DR. POPP'S 

EVIDENCE DEPOSITION

Defendant's final argument is that the trial court erred when it taxed defendant for both videotaping and transcribing Dr. Popp's evidence deposition.  Defendant claims that he should not be taxed for either videotaping or transcribing Dr. Popp's evidence deposition because the deposition was not "necessary" or "indispensable" to the trial.  In the alternative, defendant argues that the court could assess only costs for either videotaping or transcribing the evidence deposition.  Defendant claims that Supreme Court Rule 206(g)(5) (166 Ill. 2d R. 206(g)(5)), when read in conjunction with Rule 208(b) (134 Ill. 2d R. 208(b)), authorizes the trial court to assess costs against a losing defendant for either the cost of recording the videotaped evidence deposition 
or
 transcribing it, depending on which version of the evidence deposition was used at trial.  Plaintiff argues that this court should follow 
Perkins
, which concluded that both the cost of videotaping and transcribing an evidence deposition may be taxed against the losing defendant.

Under section 1--105 of the Code (735 ILCS 5/1--105 (West 1998)), our supreme court may make rules related to assessing costs.  Rule 206 allows the trial court to assess costs for videotaped depositions.  More specifically, the rule states that the party at whose instance  a deposition is videotaped shall bear the costs that the video operator imposes and the fees for filing the videotape. 166 Ill. 2d R. 206(g)(5).  Rule 206 also provides that the rules governing the practice of and the procedures and uses for depositions shall apply to evidence depositions.  166 Ill. 2d R. 206(g).  

The same construction rules that apply to statutes apply to supreme court rules.  
Hill v. Joseph Behr & Sons, Inc.
, 293 Ill. App. 3d 814, 817 (1997).  When interpreting the supreme court rules, we must ascertain and give effect to the supreme court's intent.  
Hill
, 293 Ill. App. 3d at 817.  In determining the supreme court's intent, the reviewing court should first look to the language of the rule and consider each part of the rule in relation to the rest of the rule.  
Hill
, 293 Ill. App. 3d at 817.  The courts should also consider the reason and necessity for the rule, the evil to be remedied, and the purpose of the rule.  
Hill
, 293 Ill. App. 3d at 817.  

Here, according to the language of Rule 206, plaintiff should pay the costs of videotaping Dr. Popp's evidence deposition because plaintiff requested that Dr. Popp's evidence deposition be videotaped.  More specifically, according to the record, Dr. Popp's deposition was "being taken and recorded on behalf of [plaintiff]." 

Nevertheless, as plaintiff indicates, 
Perkins
 concludes that  a trial court may assess costs of videotaping, editing, and transcribing a videotaped evidence deposition if the deposition is  "necessarily used at trial."  
Perkins
, 308 Ill. App. 3d at 1080.  As noted above, we do not believe that the mere use of an evidence deposition at trial means that the deposition is "necessary" or "indispensable" to the trial and, thus, may be taxed against the losing defendant.  Rather, necessity requires a determination that  the deposition must be used because, for example, a crucial witness has died or disappeared.  
Wiegman
, 308 Ill. App. 3d at 804.  This type of "necessity" was not present in this cause.  Thus, we determine that the part of the trial court's order awarding plaintiff $288.45 for transcribing Dr. Popp's evidence deposition and $387.47 for videotaping the deposition must be reversed.

For the above stated reasons, the judgment of the circuit court of De Kalb County is reversed in part and we vacate that portion of the judgment ordering defendant to pay various witness fees and evidence deposition charges totaling $5,325.92 as costs.

Reversed in part and vacated in part.

BOWMAN and BYRNE, JJ., concur.