No. 3--06--0030

Filed June 1, 2007.

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

DONNA MOLINE,                      ) Appeal from the Circuit Court
                                   ) of the 13th Judicial Circuit,
    Plaintiff-Appellant,           ) La Salle County, Illinois,
                                   )
                                   )
    v.                             ) No. 00--L--186
                                   )
HARSHAVADAN VYAS,                  ) Honorable
                                   ) Robert L. Carter,
    Defendant-Appellee.            ) Judge, Presiding.
_____

    JUSTICE SCHMIDT delivered the opinion of the court:
_____

    The plaintiff, Donna Moline, sued the defendant, Harshavadan

Vyas, M.D., alleging medical malpractice.  One week before trial,

the plaintiff voluntarily dismissed her suit, and the circuit

court awarded costs to the defendant for videographer,

stenographer, and professional fees associated with an evidence

deposition of an out-of-state, treating physician.  Because the

defendant has conceded that the circuit court should not have

awarded costs for the professional fee, the issue on appeal is

whether the circuit court erred when it ordered the plaintiff to

pay the videographer and stenographer fees from an evidence

deposition.  We affirm in part and reverse in part.

FACTS

The plaintiff filed her suit on October 30, 2000, alleging that the defendant was negligent in his evaluation and treatment of the plaintiff's medical condition. The case was set for trial on January 24, 2005.

At the final pretrial hearing on January 18, 2005, the plaintiff voluntarily dismissed her case. The circuit court entered an order dismissing the case without prejudice pursuant to section 2--1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2--1009 (West 2004)). The court also awarded costs to the defendant in the amount of $50 plus witness fees and videographer fees. Finally, the court ordered that the case would be scheduled for a hearing regarding any of the fees to which the plaintiff objected.

On January 26, 2005, the defendant filed a motion to approve payable costs. The defendant sought payment of the following fees: (1) $50 appearance fee; (2) $43.50 witness fee for the trial testimony of a doctor; (3) $43.50 witness fee for the trial testimony of another doctor; (4) $750 professional fee for the evidence deposition of Dr. Deborah Lightner; (5) $171 videographer fee from the evidence deposition; and (6) $288.60 court reporter fee from the evidence deposition. The plaintiff objected to all of the fees except for the $50 appearance fee.

The circuit court held a hearing on the fees on February 22,

2

2005.  Citing Galowich v. Beech Aircraft Corp., 92 Ill. 2d 157, 441 N.E.2d 318 (1982), the plaintiff argued that a plaintiff who voluntarily dismisses her case before trial cannot be ordered to pay for the defendant's deposition expenses.  The court determined that the case law distinguished discovery depositions from evidence depositions and that the Galowich line of cases applied only to discovery deposition fees.  Furthermore, the court found that evidence depositions are used at trial and are therefore taxable as costs.  The court then ordered the plaintiff to pay the $50 appearance fee and the videographer, stenographer, and professional fees associated with Dr. Lightner's deposition, but ordered that the two $43.50 witness fees were not taxable as costs.  The plaintiff appealed.

ANALYSIS

On appeal, the plaintiff argues that the circuit court erred when it ordered her to pay the videographer, stenographer, and professional fees from the evidence deposition of Dr. Lightner. The defendant concedes the professional fee award was improper, but contends that the circuit court properly awarded the videographer and stenographer fees to the defendant.

Because the allowance and recovery of costs is in derogation of the common law, the authority to award costs must come via statute.  Galowich, 92 Ill. 2d 157, 441 N.E.2d 318.  Section 5-- 109 of the Code (735 ILCS 5/5--109 (West 2004)) allows a

3

defendant to recover costs if the plaintiff voluntarily dismisses her action.  The Code expressly authorizes the supreme court to "provide by rule for *** the assessment of costs."  735 ILCS 5/1--105 (West 2004)).  Supreme Court Rule 208 (134 Ill. 2d R. 208) provides:

> "(a) Who Shall Pay.  The party at whose instance the deposition is taken shall pay the fees of the witness and of the officer and the charges of the recorder or stenographer for attending.  The party at whose request a deposition is transcribed and filed shall pay the charges for transcription and filing.  The party at whose request a tape-recorded deposition is filed without having been transcribed shall pay the charges for filing, and if such deposition is subsequently transcribed the party requesting it shall pay the charges for such transcription. ***
>
> * * *
>
> (d) Taxing as Costs.  The aforesaid fees and charges may in the discretion of the trial court be taxed as costs."

In Galowich, the plaintiffs voluntarily dismissed their case before trial, and the defendant sought to recover numerous fees and costs, including their deposition expenses.  Galowich, 92 Ill. 2d 157, 441 N.E.2d 318.  The supreme court held that "Rule 208(d) [authorizes] the trial court to tax as costs, in its discretion, the expenses only of those depositions necessarily

4

used at trial." Galowich, 92 Ill. 2d at 166, 441 N.E.2d at 322.
Because the case did not go to trial, the supreme court held that
the defendants could not recover discovery deposition expenses.
Galowich, 92 Ill. 2d 157, 441 N.E.2d 318.

The defendant argues that Galowich is distinguishable from
this case because Galowich involved expenses associated with
discovery depositions. The issue in Galowich was whether the
defendant could recover the costs associated with a discovery
deposition when the plaintiff voluntarily dismissed the case
before trial. Galowich, 92 Ill. 2d at 166, 441 N.E.2d at 322.
In several other cases, the issue has been whether the plaintiff
could recover the costs associated with evidence depositions
after trial. Vicencio v. Lincoln-Way Builders, Inc., 204 Ill. 2d
295, 789 N.E.2d 290 (2003); Boehm v. Ramey, 329 Ill. App. 3d 357,
771 N.E.2d 493 (2002); Irwin v. McMillan, 322 Ill. App. 3d 861,
750 N.E.2d 1246 (2001); Perkins v. Harris, 308 Ill. App. 3d 1076,
720 N.E.2d 1131 (1999). Here, we must decide whether the
defendant can recover the costs associated with an evidence
deposition when the plaintiff voluntarily dismissed the case
before trial.

Reading section 5--109 of the Code (735 ILCS 5/5--109 (West
2004)) in conjunction with Rule 208, it would appear that a
defendant can recover the costs associated with an evidence
deposition, regardless of whether the case has gone to trial.

5

The decision to award costs rests within the circuit court's discretion (Perkins, 308 Ill. App. 3d 1076, 720 N.E.2d 1131); the award of costs does not necessarily mean that the losing party is being punished.

In Myers v. Bash, 334 Ill. App. 3d 369, 778 N.E.2d 320 (2002), the plaintiff sought recovery of evidence deposition costs after the plaintiff prevailed at trial. The Myers court deemphasized Galowich's "necessarily used at trial" test, stating that it had limited relevance with evidence depositions because all evidence depositions are taken with the intent that they will be used at trial. Instead, the court focused its analysis on whether a party can recover the expenses associated with evidence depositions after the party has prevailed at trial. Myers, 334 Ill. App. 3d 369, 778 N.E.2d 320. Noting that the supreme court rules evidenced a preference for presenting the testimony of physicians via evidence depositions, rather than live testimony, the court held that a plaintiff could recover the costs of evidence depositions under Rule 208 after the plaintiff prevailed at trial. Myers, 334 Ill. App. 3d 369, 778 N.E.2d 320.

Obviously, Galowich's "necessarily used at trial" test also has limited relevance in our situation. There was no trial. The evidence deposition at issue was that of an out-of-state treating physician. Even though it was not "necessarily used at trial," this deposition expense was necessarily incurred before trial,

6

and was necessarily incurred for trial. The out-of-state physician was beyond the reach of an Illinois trial subpoena. A trial judge is not going to recess a trial and send the jury home while the lawyers travel to another jurisdiction to obtain a deposition. Given the fact that taking this evidence deposition before trial was necessary, and given the supreme court rules' preference for taking evidence depositions of physicians, we hold that, after a voluntary dismissal, a defendant may be entitled to recover the costs of necessary evidence depositions taken in anticipation of an upcoming trial.

Under existing precedent, the defendant in this case would have been able to recover the costs associated with Dr. Lightner's evidence deposition if (1) the case had gone to trial; (2) the deposition was used at trial; and (3) the defendant prevailed at trial. See Vicencio, 204 Ill. 2d 295, 789 N.E.2d 290. The circuit court found that Dr. Lightner's evidence deposition was necessary and that it would have been used at trial. We find no abuse of discretion in awarding court reporter's fees for this evidence deposition.

Lastly, we note that Supreme Court Rule 208 (134 Ill. 2d R. 208) allows the recovery of recording or stenographer costs associated with depositions. In this case, the evidence deposition was not only recorded by a court reporter, but also videotaped. A trial attorney has a choice as to how he or she

7

will present deposition testimony to a jury. See, _e.g._, 188 Ill. 2d R. 206(g)(6) ("The videotape of a deposition may be presented at trial in lieu of reading from the stenographic transcription of the deposition"). If a particular witness makes a very good physical appearance during deposition, a lawyer may decide to present videotape to the jury. On the other hand, a trial lawyer will often not videotape even a witness with critical evidence if that witness has mannerisms that may detract from the evidence that is being presented. Instead, the deposition will be read to the jury by someone who can present the evidence in, hopefully, a more credible fashion than the actual witness. Clearly, whether or not to videotape (or not videotape) witness deposition testimony is a matter of trial strategy and we believe that it was, therefore, an abuse of discretion to award videographer's fees.

CONCLUSION

For the foregoing reasons, we affirm the portion of the court's order directing the plaintiff pay the stenographer fee associated with the evidence deposition of Dr. Lightner, but reverse the portions of the court's order directing the plaintiff to pay the associated videographer and professional fees.

The judgment of the circuit court of La Salle County is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

8

McDADE, J., concurs.

PRESIDING JUSTICE LYTTON, dissenting:

I agree with the second district's decision in Howell v. Thompson, 161 Ill. App. 3d 466, 514 N.E.2d 813 (1987), that a plaintiff who voluntarily dismisses his case before trial cannot be required to pay evidence deposition expenses pursuant to Supreme Court Rule 208(d).

The majority's decision in this case contravenes the court's holding in Galowich that "Rule 208(d) cannot be authority for the assessment of a defendant's deposition expenses against a plaintiff who voluntarily dismisses his case before trial." 92 Ill. 2d 156, 167, 441 N.E.2d 318. Although the court in Galowich addressed discovery depositions and not evidence depositions, the court did not limit its holding to discovery depositions.

Nothing in Gallowich supports the conclusion that evidence depositions and discovery depositions should be treated differently. The court in Galowich stated that "Rule 208(d) * * * authoriz[es] the trial court to tax as costs, in its discretion, the expenses only of those depositions necessarily used at trial." 92 Ill. 2d at 166, 441 N.E.2d at 322 (Emphasis added). Thus, the majority's holding that evidence depositions can be taxed as costs to the plaintiff even if they are not used at trial defies Gallowich.

The majority relies on speculation and conjecture to

9

conclude that the court would apply a different rule to evidence depositions. The majority speculates that the evidence deposition in this case "would have been used at trial." Well, perhaps. But we know for certain that it was not used at trial, and it is the actual use of the deposition at trial that authorizes the court to tax that expense as costs pursuant to Rule 208(d). See Howell, 161 Ill. App. 3d at 468, 514 N.E.2d at 814. Because there was no trial in this case and no use of the deposition at trial, I would find that the trial court improperly ordered plaintiff to pay defendant's evidence deposition expenses.