No. 2--07--0432      Filed:  5-16-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| RANDALL PELTIER and KAY PELTIER, | ) | Appeal from the Circuit Court |
| | ) | of Ogle County. |
| Plaintiffs-Appellees, | ) | |
| | ) | |
| v. | ) | No. 03--L--12 |
| | ) | |
| RALPH COLLINS, | ) | Honorable |
| | ) | Michael T. Mallon, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

The plaintiffs, Randall and Kay Peltier, sued the defendant, Ralph Collins, for damages resulting from an automobile accident. Following a jury trial, a verdict was entered for the plaintiffs for $1,930.41. Thereafter, the plaintiffs filed a motion for costs incurred in taking the evidence deposition of a treating physician. The trial court granted the plaintiffs' motion and awarded the plaintiffs $744 for court reporter fees and $754.50 for videographer fees. The defendant timely appealed and argues that the trial court erred in granting the motion. According to the defendant, because the treating physician was neither dead nor missing, he was not unavailable to testify, and therefore the plaintiffs were not entitled to recover the costs related to the evidence deposition. For the reasons that follow, we affirm.

BACKGROUND

On May 9, 2003, the plaintiffs filed a complaint against the defendant, alleging that, on May 13, 2001, the defendant negligently operated his motor vehicle and collided with the plaintiffs' vehicle. The plaintiffs alleged that they suffered injuries as a proximate result of the defendant's negligence. At all times relevant, Randall was a resident of Madison, Wisconsin, and his treating physician, Dr. Todd Trier, was also a resident of and practiced medicine in Madison. A jury trial began on June 26, 2006. Dr. Trier's testimony was presented by way of videotape. On June 28, 2006, the jury found in favor of the plaintiffs and awarded them $1,930.41 plus costs.

On January 12, 2007, under Supreme Court Rule 208 (134 Ill. 2d R. 208), the plaintiffs filed a motion to recover the court reporter and videographer costs incurred in obtaining the testimony of Dr. Trier by way of evidence deposition. In response, the defendant argued that the plaintiffs were not entitled to costs, because they failed to establish that Dr. Trier was unavailable for trial and that his evidence deposition was necessary or indispensable. The trial court granted the plaintiffs' motion. In so ruling, the court noted that Dr. Trier "was out of state and *** beyond the subpoena powers of [the] Court." The court held that, "[s]ince the doctor's testimony was essential to prove the Plaintiff's case and the Plaintiff has no realistic means to guarantee the doctor's presence, it is this Court's opinion that he was a necessary unavailable witness." The defendant timely appealed.

### ANALYSIS

The defendant argues that the trial court erred when it taxed him with the court reporter and videographer costs incurred by the plaintiffs in obtaining Dr. Trier's evidence deposition. According to the defendant, because Dr. Trier was neither dead nor missing, he was not unavailable to testify, and therefore the plaintiffs were not entitled to recover the costs related to the evidence deposition. In support of his position, the defendant cites this court's decision in Irwin v. McMillan, 322 Ill.

App. 3d 861 (2001). Although <u>Irwin</u> is certainly relevant, the defendant has failed to cite the subsequent supreme court case of <u>Vicencio v. Lincoln-Way Builders, Inc.</u>, 204 Ill. 2d 295 (2003), which sets forth the applicable legal framework for his argument.

Before turning to the merits, we note that the defendant has also failed to provide this court with the applicable standard of review, in violation of Supreme Court Rule 341(h)(3). 210 Ill. 2d R. 341(h)(3). The plaintiffs contend that the abuse of discretion standard applies because Rule 208(d) gives the trial court the discretion to tax certain fees and charges as costs. Although the plaintiffs are correct that the award of such fees under Rule 208 is discretionary, it appears that this case presents purely a legal question: whether, on undisputed facts, an out-of-state treating physician is "otherwise unavailable to testify," thereby rendering his evidence deposition "necessarily used at trial." See <u>Vicencio</u>, 204 Ill. 2d at 308. We need not definitively resolve this issue, as we would affirm on any standard of review.

At common law, a successful litigant was not entitled to recover the costs of litigation from the losing party. <u>Galowich v. Beech Aircraft Corp.</u>, 92 Ill. 2d 157, 162 (1982). Recovery of costs is entirely dependent upon statutory authorization. <u>Galowich</u>, 92 Ill. 2d at 162. At issue in this case is Rule 208. Rule 208(a) provides, in pertinent part, as follows:

"(a) Who Shall Pay. The party at whose instance the deposition is taken shall pay the fees of the witness and of the officer and the charges of the recorder or stenographer for attending. The party at whose request a deposition is transcribed and filed shall pay the charges for transcription and filing. The party at whose request a tape-recorded deposition is filed without having been transcribed shall pay the charges for filing, and if such

deposition is subsequently transcribed the party requesting it shall pay the charges for such transcription."  134 Ill. 2d R. 208(a).

Rule 208(d) provides that "[t]he aforesaid fees and charges may in the discretion of the trial court be taxed as costs."  134 Ill. 2d R. 208(d).

In Galowich, the supreme court was asked to construe the scope of Rule 208 and to determine whether the expenses of depositions may be taxable as "costs" thereunder.  Galowich, 92 Ill. 2d at 166.  The court found that, in general, the cost of taking a discovery deposition is one of the ordinary expenses of litigation and, therefore, is not recoverable by the prevailing party.  Galowich, 92 Ill. 2d at 166.  It stated: "The deposition as used in modern litigation is almost entirely a technique of trial preparation, serving primarily the convenience of counsel."  Galowich, 92 Ill. 2d at 166.  Nevertheless, the court noted that it might be possible for the use of a discovery deposition to become a necessity, such as "when a crucial witness died or disappeared before trial."  Galowich, 92 Ill. 2d at 166.  The court concluded that, "[s]ince the test for when the expense of a deposition is taxable as costs is its necessary use at trial, it follows that Rule 208(d) cannot be authority for the assessment of a defendant's deposition expenses against a plaintiff who voluntarily dismisses his case before trial."  Galowich, 92 Ill. 2d at 167.  Because the matter did not proceed to trial but was instead resolved by the plaintiff's taking a voluntary dismissal, the court held that the defendants were not entitled to recover any of the costs incurred in taking discovery depositions.  Galowich, 92 Ill. 2d at 167.

Although Galowich dealt with expenses associated with discovery depositions, this court and other appellate courts have applied the "necessary use at trial" language in deciding whether to tax as costs the fees incurred in taking evidence depositions.  In so doing, the courts have disagreed on

the definition of "necessary use at trial." In Perkins v. Harris, 308 Ill. App. 3d 1076 (1999), the Fifth District held that a physician's evidence deposition was necessarily used at trial, because the physician "was the primary treating physician of plaintiff with respect to the auto accident, and [he] could not testify live at trial due to his demanding surgery schedule." Perkins, 308 Ill. App. 3d at 1080. In Irwin, 322 Ill. App. 3d at 869, our court held that "necessity requires a determination that the deposition must be used because, for example, a crucial witness has died or disappeared." Because this type of necessity was not present, we reversed the trial court's order awarding fees. Irwin, 322 Ill. App. 3d at 869. In Boehm v. Ramey, 329 Ill. App. 3d 357 (2002), the Fourth District held that the trial court erred in taxing the defendant with the appearance fee for a physician's evidence deposition taken by the plaintiff, because the record contained no evidence on the physician's availability at the time of trial. Boehm, 329 Ill. App. 3d at 366.

In Myers v. Bash, 334 Ill. App. 3d 369 (2002), notwithstanding Boehm, the Fourth District deemphasized Galowich's "necessary use at trial" test. The court stated that the test had limited relevance to evidence depositions, because, unlike discovery depositions, all evidence depositions are taken with the intent that they will be used at trial. Noting that the supreme court rules evidenced a preference for presenting the testimony of physicians via evidence depositions, rather than live testimony, the court held:

> "[A] party should be allowed to recover the regular expenses connected with an evidence deposition as costs. An evidence deposition is but a substitute for live testimony at trial, and the expenses incurred in connection with live testimony are taxable as costs. We do not consider a physician's evidence deposition to be a 'luxury,' an expense of litigation that

a party undertakes for his own benefit, in light of the expressed preference for the use of physician evidence depositions." Myers, 334 Ill. App. 3d 374.

One justice dissented, stating that the court should adhere to its earlier Boehm decision and uphold the trial court's denial of the costs, based on the plaintiff's failure to offer any evidence that the physician was unavailable. Myers, 334 Ill. App. 3d at 376 (Turner, J., dissenting).

In Vicencio, the supreme court revisited its Galowich decision when presented with the issue of whether the plaintiff was entitled to recover the costs associated with taking a treating physician's evidence deposition. The court noted that Galowich "did not interpret *** the phrase 'aforesaid costs' in Rule 208 to determine which types of costs might be taxed. Rather, Galowich left this threshold question unanswered and formulated a rule to guide the trial court's discretion when taxing costs pursuant to Rule 208." The court further noted:

"[B]ecause our test required necessary use of the deposition at trial, and because the matter in Galowich did not proceed to trial, but was resolved by the plaintiff's taking a voluntary dismissal, we concluded that the defendants were not entitled to recover any of the costs incurred in taking discovery depositions. [Citation.] In effect, the determinative factor in Galowich was not 'necessary use'; it was 'at trial.' Although this court in Galowich may have implied that all of the costs of a discovery deposition, perhaps even including the professional fees of an expert witness, might be recoverable by a plaintiff who prevails at trial, the entire discussion of deposition expenses and what might or might not constitute 'necessary use' was dicta because it was not necessary to the resolution of that case." Vincencio, 204 Ill. 2d at 306-07.

The court concluded that, "if a deposition is necessarily used at trial, only those costs enumerated in Rule 208, not all costs associated with the deposition, may be taxed at the trial court's discretion." Vincencio, 204 Ill. 2d at 307.

The court then considered the narrower issue of whether the trial court erred in taxing as costs the fees of the videographer and court reporter who attended the treating physician's deposition. The court stated as follows:

"Such fees are mentioned in Rule 208(a) and, as such, they are among the 'aforesaid costs' that the trial court has the discretion to tax under Rule 208(d) if the deposition was necessarily used at trial. As noted above, our suggestion in Galowich that use of a deposition would become necessary if a deposed witness died or disappeared before trial was dicta. [Citation.] The present case, however, did proceed to trial and the deposition was admitted into evidence. Thus, we must now address the question that was not squarely presented in Galowich--when is a deposition necessarily used at trial?

The trial court in the present case determined that [the physician's] deposition was necessarily used at trial because his testimony was essential to the plaintiff's ability to prove his case. We hold that necessity requires more than mere significance of the deposition in terms of its evidentiary value. A deposition is necessarily used at trial only when it is relevant and material and when the deponent's testimony cannot be procured at trial as, for example, if the deponent has died, has disappeared before trial, or is otherwise unavailable to testify." (Emphasis added.) Vincencio, 204 Ill. 2d at 308.

Because the supreme court could not determine on the record before it whether the deposition at issue was used as a matter of necessity or as a matter of convenience, it remanded the case to the trial court to make that determination. Vincencio, 204 Ill. 2d at 308.

The defendant argues that the fact that Dr. Trier lived out of state was insufficient to establish that he was unavailable to testify. According to the defendant, based on Irwin, because Dr. Trier was neither dead nor missing, the plaintiffs failed to establish that Dr. Trier was unavailable, and thus they failed to establish that Dr. Trier's evidence deposition was necessarily used at trial. We disagree. As noted above, the defendant makes absolutely no reference to Vicencio, which clarified the standard to use when determining if a deposition was necessarily used at trial. As the Vicencio court noted, the Galowich court's discussion about "what might or might not constitute 'necessary use' was dicta because it was not necessary to the resolution of that case." Vincencio, 204 Ill. 2d at 307. Thus, Irwin's reliance on the Galowich dicta, that a deposition becomes a necessity when the deposed witness died or disappeared before trial, holds no weight in light of Vincencio's subsequent definition of "necessarily used at trial."

The question here is whether Dr. Trier's deposition was necessarily used at trial. "A deposition is necessarily used at trial only when it is relevant and material and when the deponent's testimony cannot be procured at trial as, for example, if the deponent has died, has disappeared before trial, or is otherwise unavailable to testify." (Emphasis added.) Vincencio, 204 Ill. 2d at 308. It is undisputed that Dr. Trier was a resident of Wisconsin and that he was beyond the subpoena power of the Illinois courts. The trial court's ruling that Dr. Trier's residence outside of its subpoena power rendered him "otherwise unavailable to testify" was proper.

The Third District's recent decision in Moline v. Vyas, 373 Ill. App. 3d 1098 (2007), supports this conclusion. There, the court held that the court reporter fees incurred in the taking of a physician's evidence deposition were taxable as costs against the plaintiff, notwithstanding the plaintiff's voluntary dismissal of the case before trial. The court found that, even though the evidence deposition was not "necessarily used at trial," it was "necessarily incurred before trial, and was necessarily incurred for trial." Moline, 373 Ill. App. 3d at 1102. In so holding, the court reasoned: "The out-of-state physician was beyond the reach of an Illinois trial subpoena. A trial judge is not going to recess a trial and send the jury home while the lawyers travel to another jurisdiction to obtain a deposition. Given the fact that taking this evidence deposition before trial was necessary, and given the supreme court rules' preference for taking evidence depositions of physicians, we hold that, after a voluntary dismissal, a defendant may be entitled to recover the costs of necessary evidence depositions taken in anticipation of an upcoming trial." Moline, 373 Ill. App. 3d at 1102.

Citing Vicencio, the court noted that, "[u]nder existing precedent, the defendant in this case would have been able to recover the costs associated with [the physician's] evidence deposition if (1) the case had gone to trial; (2) the deposition was used at trial; and (3) the defendant prevailed at trial." Moline, 373 Ill. App. 3d at 1102. Then, notwithstanding the lack of a trial, the court affirmed the award of the court reporter fees incurred in taking the evidence deposition. Moline, 373 Ill. App. 3d at 1102.[1]

---

[1]We recognize that Moline conflicts with our decision in Howell v. Thompson, 161 Ill. App. 3d 466, 467 (1987), where we held that a plaintiff who voluntarily dismisses his case before trial

As noted by the defendant in his reply brief, although the <u>Moline</u> court affirmed the award of the court reporter fees, the court reversed the award of videographer fees. <u>Moline</u>, 373 Ill. App. 3d at 1102-03. The court noted that an attorney has a choice whether to present a videotape at trial in place of the reading of the deposition. <u>Moline</u>, 373 Ill. App. 3d at 1102-1103. The court found that, because the videotaping of a witness's evidence deposition is a matter of trial strategy, the trial court erred in taxing the plaintiff with the cost of the videographer. <u>Moline</u>, 373 Ill. App. 3d at 1102-03. Based on <u>Moline</u>, the defendant argues that, even if we affirm the award of the court reporter fees, we should reverse the award of the videographer fees.

The defendant waived this argument by failing to raise it in his initial brief. 210 Ill. 2d R. 341(h)(7). In that brief, the sole basis for reversal was that the plaintiffs failed to establish that Dr. Trier was unavailable. The defendant did not cite <u>Moline</u>. In fact, the defendant specifically stated: "There is no case law holding that an evidence deposition is indispensable if the witness lives out of state." That is precisely what <u>Moline</u> holds. <u>Moline</u>, 373 Ill. App. at 1102. Accordingly, the defendant waived any argument based on <u>Moline</u>.

In any event, we do not adopt <u>Moline</u>'s conclusion on the issue of the videographer fees. In <u>Vincencio</u>, the propriety of the award of both the court reporter fees and the videographer fees was before the court. The court specifically noted that both fees were recoverable as "aforesaid costs" under Rule 208(d) when the deposition was "necessarily used at trial." <u>Vincencio</u>, 204 Ill. 2d at 308.

---

cannot be required to pay evidence deposition expenses under Rule 208. We are relying on <u>Moline</u> not for its ultimate conclusion (since there was a trial in the case before us), but rather for its reasoning regarding the necessity of taking the evidence deposition of an out-of-state physician.

Accordingly, because we conclude that Dr. Trier's evidence deposition was "necessarily used at trial," the court reporter and videographer fees are both recoverable.

CONCLUSION

Accordingly, for the reasons stated, we affirm the order of the circuit court of Ogle County granting the plaintiffs' motion for costs.

Affirmed.

HUTCHINSON and CALLUM, JJ., concur.