NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2019 IL App (4th) 190331-U

NO. 4-19-0331

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 27, 2019
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| CHARLES RAYMOND TUCKER, JR., | ) | Appeal from the |
| Petitioner-Appellant, | ) | Circuit Court of |
| v. | ) | Cass County |
| NICHOLE GAIL LOUISE MILLER, | ) | No. 15F36 |
| Respondent-Appellee. | ) | |
| | ) | Honorable |
| | ) | Timothy J. Wessel, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Steigmann and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, finding due to the many deficiencies in petitioner's brief, we must presume the trial court properly denied petitioner's motions for reconsideration and his motion for an *in camera* interview.

¶ 2    Petitioner, Charles Raymond Tucker, Jr., and respondent, Nichole Gail Louise Miller, are not married but have a minor child in common. In December 2016, the trial court issued an order regarding child support, health insurance coverage, and assigning the child tax deduction.

¶ 3    On appeal, petitioner argues the trial court erred by not allowing him to "provide all my evidence during the trial" and by denying his "motion for an in-camera interview." We affirm.

¶ 4    I. BACKGROUND

¶ 5        In December 2015, petitioner filed a petition to establish paternity, claiming to be the natural father of J.C.T., as evidenced by his name on the birth certificate, and seeking either exclusive or joint custody of the minor. A judgment of paternity was entered in January 2016. Temporary orders relating to parenting time were entered and modified during the pendency of the proceedings. A parenting plan and allocation order were entered in October 2016, allocating the majority of parenting time to respondent, who then filed a petition for temporary and permanent child support approximately three weeks later. In December 2016, the court set child support at $376.03 per month and $70.97 per month toward the support arrearage. Petitioner was to provide health insurance through his employer, the parties were to share uncovered health costs equally, and the parties would claim the child for income tax purposes on alternate years.

¶ 6        In July 2017 and March 2018, petitioner sought to modify the parenting time/allocation of parental responsibilities order of October 2016 due to changes in his employment and various circumstances. While the matter was pending in 2018, petitioner also requested the trial court conduct an *in camera* interview. In August 2018, the court denied the petition to modify and, by agreement of the parties, gave petitioner an additional evening visit each week and a seven-day extended period during the summer for each parent. The request for an *in camera* interview was denied.

¶ 7        Petitioner filed a motion to reconsider in September 2018 and December 2018, contending he "was unable to present all my evidence." He filed a petition seeking to modify his child support in September 2018, contending he continued to pay $447, which included $376.03 for support and the arrearage since December 2016, although the full amount of the arrearage should have been paid as of April 2018. The trial court denied the motions for reconsideration, stating the "very little new evidence that was presented was not persuasive." With regard to

petitioner's claim he was unable to present his case, the court found the judge who presided over the previous hearing ruled the evidence was not relevant and the trial court was not willing to overturn that ruling. On April 17, 2019, the court granted the petition to modify child support in part, finding the arrearage was paid in full and child support should remain at $376.03 per month.

¶ 8        Petitioner filed his notice of appeal on May 17, 2019, asking to appeal the December 20, 2016, order, which appears to be an order removing the impoundment order relating to certain documents previously filed and impounded, the August 31, 2018, order denying his petition to modify and modifying visitation by agreement of the parties, and the April 17, 2019, order denying his two motions to reconsider and modifying his support to reflect full payment of the arrearage.

¶ 9                                II. ANALYSIS

¶ 10        Petitioner has filed a *pro se* appellant brief utilizing the standardized form approved by the Illinois Supreme Court in January 2018. Under the section titled "points and authorities," petitioner states the trial court erred by not allowing him to provide all of his evidence during the trial and by denying him his motion for an *in camera* interview. He has provided no specifics regarding these allegations, nor has he cited any authority for his claimed errors. Under the "statement of facts" section, petitioner simply reiterates docket entries of motions and rulings by the trial court. There are no specific facts regarding what transpired at those hearings which form the bases for petitioner's claims. For example, petitioner states that a final order was entered on December 8, 2016, and another order was entered on August 31, 2018, denying his motion for an *in camera* interview. However, no facts are presented indicating what the trial court allegedly did or failed to do in support of his claim the trial court erred in its

rulings. It is therefore impossible to ascertain any relevant background information regarding the issues precipitating this appeal. The best this court could do was recite the facts as they appear from the common law record.

¶ 11      As previously mentioned, petitioner has filed a *pro se* appellant brief utilizing the standardized form approved by the Illinois Supreme Court in January 2018. There is no responding appellee's brief. Illinois Supreme Court Rule 341(h) (eff. May 25, 2018) sets forth the necessary requirements that must be met when filing an appellant brief. The rules of our supreme court are not aspirational. " 'They have the force of law, and the presumption must be that they will be obeyed and enforced as written.' " *Billerbeck v. Caterpillar Tractor Co.*, 292 Ill. App. 3d 350, 353, 685 N.E.2d 1018, 1020 (1997) (quoting *Bright v. Dicke*, 166 Ill. 2d 204, 210, 652 N.E.2d 275, 277-78 (1995)). Even utilizing the form, petitioner's brief fails to comply with Rule 341(h) in a number of particulars. Petitioner failed to follow the form's directions to provide any points and authorities as required by Illinois Supreme Court Rule 341(h)(1) (eff. May 25, 2018), and failed to provide a concise statement of the applicable standard of review, with citation of authority for each issue as required by Illinois Supreme Court Rule 341(h)(3) (eff. May 25, 2018). He has provided no summary statement of cases or statutes to be referenced later in his argument.

¶ 12      Furthermore, under the "arguments" section of his brief, petitioner alleges the trial court erred when petitioner was trying to present evidence and the court refused to admit the evidence based on relevance. Petitioner's other argument alleges the trial court denied his motion for an *in camera* interview. Even seeking to charitably interpret these statements as cogent arguments, beyond some conclusory statements, there is little, if anything, which could be construed as a legal argument therein, and, even if it could, there were no citations to the record

or case authority cited in support, also in violation of Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018).

¶ 13    "A reviewing court is entitled to have issues clearly defined with pertinent authority cited and coherent arguments presented; arguments inadequately presented on appeal are waived. [Citation.] Statements unsupported by argument or citation of relevant authority do not merit consideration on review. [Citation.] A reviewing court will not become an advocate for, as well as the judge of, points the appellant seeks to raise. [Citation.]" *Vernon Hills III Ltd. Partnership v. St. Paul Fire & Marine Insurance Co.*, 287 Ill. App. 3d 303, 311, 678 N.E.2d 374, 379 (1997). "A party's status as a *pro se* litigant, as here, does not relieve him [or her] of [the] obligation to comply with appellate rules." *Matlock v. Illinois Department of Employment Security*, 2019 IL App (1st) 180645 ¶ 14, 130 N.E.3d 41. A reviewing court "is not a repository for an appellant to foist the burden of argument and research." *Enadeghe v. Dahms*, 2017 IL App (1st) 162170 ¶ 23, 95 N.E.3d 1170.

¶ 14    There are also no citations to any cases or statutes applicable to the issues petitioner seeks to raise on appeal. As a result, petitioner has formulated no legal issues upon which he seeks to base his appeal. Having failed to raise any issues on appeal, petitioner has forfeited them. See *Peltier v. Collins*, 382 Ill. App. 3d 773, 780, 888 N.E.2d 1224, 1230 (2008).

¶ 15    From the record, we are unable to discern exactly what evidence was before the trial court and on what basis the trial court made its rulings without scouring both the common law record and record of proceedings in an attempt to extract information consistent with petitioner's cryptic claims. Without that information, we are to presume the trial court made the correct finding based on the evidence before it. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92,

459 NE.2d 958, 959 (1984). Therefore, rather than simply dismissing the appeal due to its many deficiencies, we affirm the trial court's judgment.

¶ 16                                   III. CONCLUSION

¶ 17          For the reasons stated, we affirm the trial court's judgment.

¶ 18          Affirmed.